UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SCANZ TECHNOLOGIES, INC., fka EQUITYFEED CORPORATION, A Canadian (Quebec) Corporation<br><br>    Plaintiff,<br><br>vs.<br><br>JEWMON ENTERPRISES, LLC, a Florida limited liability corporation; TIMOTHY SYKES, an individual; ZACHARY WESTPHAL, an individual; TIMOTHY BOHEN, an individual; MILLIONAIRE PUBLISHING, LLC, a Florida limited liability corporation; MILLIONAIRE PUBLISHING, LLC, a Colorado limited liability corporation; MILLIONAIRE MEDIA, LLC, a Florida limited liability corporation and STOCKSTOTRADE.COM INC., a Delaware corporation,<br><br>    Defendants. | Case No. 20-cv-22957-RNS |

**NON-FLORIDA DEFENDANT TIMOTHY BOHEN'S
MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

SQUIRE PATTON BOGGS (US) LLP
200 South Biscayne Blvd., Suite 4700
Miami, FL 33131
Tel.: 305 577 7000
Fax: 305 577 7001

*Counsel for Defendant Timothy Bohen*

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ....................................................................................................... ii

I.   INTRODUCTION ........................................................................................................... 1

II.  FACTS RELEVANT TO THIS MOTION TO DISMISS ................................................ 2

III. RELEVANT STANDARD.............................................................................................. 3

IV.  ARGUMENT ................................................................................................................... 5

     A.   The Court Lacks Personal Jurisdiction Over Mr. Bohen ...................................... 5

          1.   The Complaint fails to establish a *prima facie* case of personal jurisdiction ................................................................................................ 5

          2.   No Set of Allegations Can Subject Mr. Bohen to this Court's Jurisdiction........................................................................................................ 8

     B.   The Complaint Fails to State Viable Claims for Relief Against Mr. Bohen ....... 12

V.   CONCLUSION.............................................................................................................. 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ambrosia Coal & Constr. Co. v. Pagés Morales*,
  368 F.3d 1320 (11th Cir. 2004) ...................................................................................................13

*Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll.*,
  77 F.3d 364 (11th Cir. 1996) .......................................................................................................13

*Chudasama v. Mazda Motor Corp.*,
  123 F.3d 1353 (11th Cir. 1997) ...................................................................................................12

*Cramer v. Florida*,
  117 F.3d 1258 (11th Cir. 1997) ...................................................................................................12

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) .................................................................................................................8, 9

*Ebrahimi v. City of Huntsville Bd. of Educ.*,
  114 F.3d 162 (11th Cir. 1997) .....................................................................................................12

*Ferrell v. Durbin*,
  311 F. App'x 253 (11th Cir. 2009) ..............................................................................................13

*Future Tech. Today, Inc. v. OSF Healthcare Sys.*,
  218 F.3d 1247 (11th Cir. 2000) .....................................................................................................4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ......................................................................................................................8

*Hasenfus v. Secord*,
  797 F. Supp. 958 (S.D. Fla. 1989) ...............................................................................................10

*Jaramillo v. Naranjo*,
  No. 10-21951-CIV, 2014 U.S. Dist. LEXIS 138887 (S.D. Fla. Sep. 30, 2014)
  (Torres, Mag. J.) ............................................................................................................................9

*Lee v. Branch Banking & Tr. Co.*,
  No. 18-21876-Civ, 2018 U.S. Dist. LEXIS 186340 (S.D. Fla. Oct. 31, 2018)
  (Scola, J.) .......................................................................................................................................5

*Magluta v. Samples*,
  256 F.3d 1282 (11th Cir. 2001) ...................................................................................................12

*McCullough v. Royal Caribbean Cruises, Ltd.*,
  268 F. Supp. 3d 1336 (S.D. Fla. 2017) ..........................................................................................8

# **TABLE OF AUTHORITIES**
(*continued*)

**Page(s)**

*Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*,
  288 F.3d 1264 (11th Cir. 2002) ..................................................................................................4

*Moreno v. Carnival Corp.*,
  No. 19-cv-22900, 2020 U.S. Dist. LEXIS 4663 (S.D. Fla. Jan. 10, 2020)
  (King, J.) ..................................................................................................................................13

*Oceanic Research & Salvage Co. 1, LLC v. Emerging Sci. & Techs. Grp., Inc.*,
  No. 17-80162-CIV, 2017 U.S. Dist. LEXIS 151351 (S.D. Fla. Sep. 18, 2017)
  (Marra, J.)..........................................................................................................................6, 7, 8

*Platypus Wear, Inc. v. Clarke Modet & Co., Inc.*,
  515 F. Supp. 2d. 1288 (S.D. Fla. 2007) (Moreno, J.) ...............................................................10

*Polskie Linie Oceaniczne v. Seasafe Transport A/S*,
  795 F.2d 968 (11th Cir. 1986) ....................................................................................................4

*Posner v. Essex Ins. Co., Ltd.*,
  178 F.3d 1209 (11th Cir. 1999) (*per curiam*) ........................................................................4, 7

*Sculptchair, Inc. v. Century Arts, Ltd.*,
  94 F.3d 623 (11th Cir. 1996) ......................................................................................................4

*Snow v. DirectTV, Inc.*,
  450 F.3d 1314 (11th Cir. 2006) ..................................................................................................7

*St. Martinus Univ., NV v. Caribbean Health Holding, LLC*,
  No. 19-22278-CIV, 2020 U.S. Dist. LEXIS 33457 (S.D. Fla. Feb. 27, 2020)
  (Altonaga, J.)..............................................................................................................................8

*Tavakoli v. Doronin*,
  No. 18-21592-CIV, 2019 U.S. Dist. LEXIS 43188 (S.D. Fla. Mar. 18, 2019)
  (Altonaga, J.)............................................................................................................................10

*Taylor v. Moskow*,
  No. 16-20222-Civ, 2017 U.S. Dist. LEXIS 215766 (S.D. Fla. Jan. 25, 2017)
  (Scola, J.) .................................................................................................................................10

*United Techs. Corp. v. Mazer*,
  556 F.3d 1260 (11th Cir. 2009) ......................................................................................... *passim*

*Waite v. AII Acquisition Corp.*,
  901 F.3d 1307 (11th Cir. 2018) ..................................................................................................5

## **TABLE OF AUTHORITIES**
(*continued*)

**Page(s)**

*YMD Records, LLC v. Ultra Enters., Inc.*,
   361 F. Supp. 3d 1258 (S.D. Fla. 2019) (Ungaro, J.) .................................................................13

**Statutes**

Fla. Stat. § 48.193 ...........................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 12(b) ........................................................................................................3, 5, 12, 13

**I.      INTRODUCTION**

Timothy Bohen does not belong before this Court or in this case.  Plaintiff acknowledges that Mr. Bohen is *not* a Florida resident.  Plaintiff fails to allege conduct specific to Mr. Bohen taking place or having an effect in Florida.  Instead, Plaintiff seeks to hale Mr. Bohen before this Court on the basis of a purported conspiracy.  Plaintiff, however, fails to allege when or how Mr. Bohen joined the conspiracy or what overt act in furtherance of the conspiracy took place in Florida.

These pleading deficiencies notwithstanding, no set of allegations can render Mr. Bohen a participant in the alleged conspiracy or subject him to this Court's jurisdiction.  Critically, Mr. Bohen did not have a relationship with any of the defendants during the dates relevant to the Complaint's conspiracy allegations.  As explained below, Mr. Bohen first became a consultant to defendant StocksToTrade.com, Inc. ("**STT**") in April 2016.  He, therefore, could not have entered into a conspiracy, as alleged in the Complaint, in connection with the execution of the "license agreement" [1] in "the spring of 2013" or its "Termination Notice" in "late April of 2015."  Compl. ¶¶ 26, 30.

Equally dispositive, Mr. Bohen's exhibited sworn declaration negates his participation in the alleged conspiracy.  The declaration confirms that Mr. Bohen has never been aware of and has never knowingly used any product or software owned or developed by the Plaintiff.  The declaration also confirms that Mr. Bohen never entered into an agreement with any of the defendants, within or outside of Florida, to "misappropriate" or "utilize" Plaintiff's product or

---

[1] The Complaint does not attach a copy of the alleged "license agreement."  Mr. Bohen is not a party to that "license agreement" and has no knowledge of its content.  In an effort to narrow the issues in this Motion, undersigned counsel requested a copy of the "license agreement" from Plaintiff's counsel.  Plaintiff's counsel refused to provide the document.

software. The declaration further confirms that, to the extent Mr. Bohen may have unknowingly used such "misappropriated" product or software, Mr. Bohen was unaware at the time that the product belonged to the Plaintiff or may have been misappropriated from the Plaintiff.

Because Plaintiff does not, and cannot, allege an actionable conspiracy claim against Mr. Bohen, it cannot establish this Court's personal jurisdiction over Mr. Bohen or state viable claims against him. The Complaint must be dismissed.

## II.     FACTS RELEVANT TO THIS MOTION TO DISMISS

Plaintiff is a Canadian corporation with its principal place of business in Quebec, Canada. Compl. ¶ 1. Plaintiff has no known offices or presence in Florida. Plaintiff has never registered to do business in Florida.[2]

Mr. Bohen is not a Florida resident. *Id*. ¶ 7. While the Complaint identifies him as a resident of Minnesota, *see id*., in actuality Mr. Bohen resides in Michigan. *See* Bohen Declaration, attached as **Exhibit A**, ¶ 2. Mr. Bohen was born in Michigan and has resided his entire life in Michigan; he has never been a Florida resident. *Id*. Mr. Bohen has never had a Florida driver's license; has never registered to vote in Florida; has never had an office, a phone number, or mailing address in Florida; and has never owned property in Florida. *Id*. ¶ 3–6.

Mr. Bohen has never performed work for, provided services to, or otherwise had any relationship with Plaintiff. *Id*. ¶ 18. Prior to April 2016, Mr. Bohen had no involvement with any of the other defendants. *Id*. ¶¶ 7–11. In April 2016, Bohen Asset Management, LLC ("**BAM**"), a Michigan entity owned by Mr. Bohen, began providing consulting services to defendant STT. *Id*. ¶ 8. In November 2016, BAM ceased providing consulting services to STT and Mr. Bohen became

---

[2] A search of the public records maintained by the Florida Division of Corporations on www.sunbiz.org confirms there is no entity registered to do business in Florida matching Plaintiff's name.

an STT salaried employee, working from Sheridan Michigan. *Id*. ¶¶ 8–9.  Mr. Bohen continues to work in that capacity to date.  *Id*. ¶ 9.  Outside of his relationship with STT, Mr. Bohen is not and has never been employed by any of the other defendants.  *Id*. ¶ 10.  Mr. Bohen has never owned an interest or held management positions in any of the corporate defendants.  *Id*. ¶ 11.

Mr. Bohen has never traveled to Florida in connection with BAM's consulting services to STT or his employment responsibilities at STT.  *Id*. ¶ 17.  Mr. Bohen is not party to the "license agreement" described in the Complaint or its "Termination Notice," nor did he participate in the negotiation or execution of either document.  *Id*. ¶ 13.  As explained above, Mr. Bohen became involved with STT *after* April 2016 and, therefore, was not involved with any of the defendants in the "spring of 2013," when the "license agreement" was entered into, or in "late April of 2015," when the "Termination Notice" was executed.  Compl. ¶¶ 26, 30.  *See also* Bohen Decl. ¶¶ 13. Mr. Bohen, accordingly, was not a party to the conspiracy alleged in the Complaint to have formed in or around the "spring of 2014" and "late April of 2015."

Mr. Bohen is not aware that any of the defendants allegedly misappropriated Plaintiff's product or software prior to or after April 2016.  Bohen Decl. ¶¶ 14–15.  Since BAM's involvement with STT in April 2016, Mr. Bohen has never agreed or cooperated, within or outside of Florida, with any of the defendants to misappropriate or utilize Plaintiff's product or software.  *Id*. ¶ 15. Mr. Bohen is not aware of and never knowingly used in any capacity, whether as an STT employee or as BAM's sole member, any product or software owned or developed by the Plaintiff, including those defined in the Complaint as "Scanz Assets" and "Scanz Trade Secrets."  *Id*. ¶ 15.

### III.   RELEVANT STANDARD

Under Rule 12(b)(2), a defendant may move to dismiss an action for lack of personal jurisdiction.  "A court without personal jurisdiction is powerless to take further action."  *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  "A plaintiff seeking the exercise of

- 3 -

personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (citing *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (*per curiam*)). If a plaintiff makes a *prima facie* case and "the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Id.* (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *Posner*, 178 F.3d at 1214). The "plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986); *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000).

"A court must conduct a two-part inquiry when deciding the issue of personal jurisdiction." *Future Tech.*, 218 F.3d at 1249:

> First, the court must determine whether the applicable state statute governing personal jurisdiction is satisfied. If the requirements of the long-arm statute are satisfied, then the court must inquire as to, (1) whether defendant has established sufficient 'minimum contacts' with the state of Florida; and (2) whether the exercise of this jurisdiction over defendant would offend "traditional notions of fair play and substantial justice."

(quoting *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626, 630–31 (11th Cir. 1996)). This two-step inquiry applies both to cases founded on diversity jurisdiction, *see Mazer*, 556 F.3d at 1274, and to federal-question cases "arising under a statute that is silent regarding service of process." *Sculptchair*, 94 F.3d at 626.

"The reach of the Florida long-arm statute is a question of Florida law." *Mazer*, 556 F.3d at 1274. As explained by the Eleventh Circuit, Florida's long-arm statute subjects defendants to personal jurisdiction in two ways:

- 4 -

> First, a defendant is subject to specific personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida—for conduct specifically enumerated in the statute. Second, a defendant is subject to general personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in substantial and not isolated activity in Florida.

*Waite v. AII Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018) (internal quotations omitted) (citing Fla. Stat. § 48.193); *accord Lee v. Branch Banking & Tr. Co.*, No. 18-21876-Civ, 2018 U.S. Dist. LEXIS 186340, at *5 (S.D. Fla. Oct. 31, 2018) (Scola, J.).

## IV.   ARGUMENT

The Complaint should be dismissed under Rule 12(b)(2) because this Court lacks personal jurisdiction over Mr. Bohen, or in the alternative under Rule 12(b)(6) because it fails to state viable claims against Mr. Bohen.

### A.   The Court Lacks Personal Jurisdiction Over Mr. Bohen

While acknowledging that Mr. Bohen is not a Florida resident, Plaintiff seeks to extend this Court's jurisdiction over him on the conclusory assertion that Mr. Bohen has "significant business ties to South Florida and engaged in the conspiracy described in th[e] Complaint in Florida." Compl. ¶ 7. Plaintiff advances no particularized assertion as to Mr. Bohen's conduct in Florida or role in the alleged conspiracy. Instead, the Complaint lumps Mr. Bohen together with the other defendants, making generalized assertions common to all defendants that fail to distinguish Mr. Bohen's individual conduct allegedly subjecting him to this Court's jurisdiction. *See, e.g., id*. ¶ 18–22, 39 *et seq*. This fails on numerous grounds.

#### 1.   The Complaint fails to establish a *prima facie* case of personal jurisdiction

To make out a *prima facie* case of jurisdiction over Mr. Bohen, a non-resident defendant, Plaintiff must allege jurisdictional facts specific to him. The Complaint fails to do that. It offers no detail of Mr. Bohen's alleged "significant ties to South Florida" or conduct in Florida giving

raise to any of the Complaint's nine counts.³ The Complaint merely includes Mr. Bohen among the group of "defendants" and then alleges indistinctively that the "defendants" engaged in certain conduct spanning several years and numerous states. Courts routinely dismiss complaints with similar factual allegations. *See*, *e.g.*, *Oceanic Research & Salvage Co. 1, LLC v. Emerging Sci. & Techs. Grp., Inc.*, No. 17-80162-CIV, 2017 U.S. Dist. LEXIS 151351, at *7–8 (S.D. Fla. Sep. 18, 2017) (Marra, J.) (dismissing complaint for lack of personal jurisdiction because "[b]y lumping the Defendants together and failing to provide a factual basis to distinguish their individual conduct, the Complaint fails to give Defendants fair notice of the factual basis for the claims asserted against them") (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (dismissing complaint as "shot-gun pleading" because it was "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of")).

Further, Mr. Bohen is a named defendant in all nine counts—all of which are premised on the "license agreement" between defendant JewMon Enterprises, LLC ("**JewMon**") and the Plaintiff. In fact, the core allegation undergirding all nine Counts is that the defendants allegedly misappropriated and used for financial gain Plaintiff's product or software protected under the "license agreement."⁴ As explained above, however, Mr. Bohen is not a party to the license agreement or otherwise bound by its terms, and none of the Counts allege conduct specific to

---

³ While the Complaint numbers its Counts I through X, it fails to include a Count IX.

⁴ *See*, *e.g.*, Compl. ¶ 35 ("in or about May of 2018, Scanz concluded that the Sykes market analysis platform . . . had progressed to containing a virtually identical 'look and feel' as compared to the most important core features embraced by the Scanz Assets, the Scanz Trade Secrets and the associated Scanz product offerings that were embraced by the express terms of the license agreement").

Mr. Bohen that would subject him to this Court's jurisdiction. As in *Oceanic Research*, the "lack of specificity in the allegations directed towards [Mr. Bohen] in [Counts I–X] . . . make it impossible to determine whether a basis for personal jurisdiction exists as to" him. 2017 U.S. Dist. LEXIS 151351, at *8–9. Therefore, "Plaintiff has failed to establish a *prima facie* case of personal jurisdiction over [Mr. Bohen] in these Counts." *Id.* at * 9.

Nor is the allegation that Mr. Bohen participated in a conspiracy with the other defendants sufficient to make a *prima facie* case of personal jurisdiction. Again, there is no allegation of conduct specific to Mr. Bohen. Rather, Plaintiff argues in conclusory fashion that the "defendants" engaged in non-descript acts "within this jurisdiction," Compl. ¶ 19; that this action arises from "activities of the defendants in Florida," *id.* ¶ 20; that the "defendants . . . acted conspiratorially . . . within and outside Florida," *id.* ¶ 21; and that the "defendants" conspired in an undisclosed place and time to "market, offer to sell and then actually distribute products inside and outside of the State of Florida." *Id.* ¶ 22. This will not do. *See Snow v. DirectTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (affirming dismissal and finding allegation that defendants "have committed, and conspired to commit, acts and have acted alone and in concert to commit acts within the State of Florida" was "vague and conclusory" and "insufficient to establish a prima facie case of personal jurisdiction" under a conspiracy theory) (citing *Posner*, 178 F.3d at 1217–18 (finding a plaintiff's vague allegations of a conspiracy insufficient to establish an actionable conspiracy subjecting the defendant to personal jurisdiction)).

Because Plaintiff fails to meet its initial burden to make a *prima facie* case of personal jurisdiction, this Court should dismiss the Complaint without considering the materials attached to this Motion or any material Plaintiff submits in opposition. *See Oceanic Research*, 2017 U.S. Dist. LEXIS 151351, at *10 (dismissing complaint without "consider[ing] the additional material

submitted by the Parties," reasoning: "Because the Court finds that Plaintiffs failed to meet their initial burden to establish a *prima facie* case of personal jurisdiction over the non-resident individual Defendants in the Complaint, the burden never shifted to Defendants or then back to Plaintiffs.").

### 2. No Set of Allegations Can Subject Mr. Bohen to this Court's Jurisdiction

Even if the Complaint were to establish a *prima facie* case on jurisdiction—it does not—dismissal of Mr. Bohen is warranted because no set of allegations can subject Mr. Bohen to this Court's general or specific personal jurisdiction.

The Complaint fails to allege jurisdictional facts sufficient for this Court to exercise general personal jurisdiction over Mr. Bohen. In fact, the Complaint acknowledges that Mr. Bohen is not a Florida resident, *see* Compl. ¶ 7, thereby negating the exercise of domicile-based general personal jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile") (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Beyond domicile in the forum, "the Supreme Court has provided two other instances in which the exercise of general jurisdiction over an individual is proper: where the individual consents to the forum's jurisdiction, and where the individual is present within the forum when served with process." *McCullough v. Royal Caribbean Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1350 (S.D. Fla. 2017) (alteration added; citations omitted); *accord St. Martinus Univ., NV v. Caribbean Health Holding, LLC*, No. 19-22278-CIV, 2020 U.S. Dist. LEXIS 33457, at *25-26 (S.D. Fla. Feb. 27, 2020) (Altonaga, J.). Neither instance has occurred here;[5] therefore, general personal jurisdiction over Mr. Bohen is lacking.

---

[5] While not at issue here, courts in this District have questioned the constitutional validity of tag jurisdiction after the Supreme Court's decision in *Daimler*. *See Jaramillo v. Naranjo*, No.

Specific personal jurisdiction also is lacking. As explained above, Plaintiff does not allege conduct specific to Mr. Bohen taking place or having an effect in Florida. Rather, the Complaint relies on a "conspiracy" theory to extend this Court's jurisdiction over Mr. Bohen. Plaintiff alleges that Mr. Bohen entered into a conspiracy with the defendants to "misappropriate" and then "utilize" Plaintiff's product or software. Compl. ¶ 39. According to Plaintiff, the conspiracy began in "the spring of 2013," when Plaintiff and JewMon entered into the "license agreement" with defendants intending on "pirating" Plaintiff's product or software. *Id*. ¶¶ 26, 39. The conspiracy allegedly continued into "late April of 2015," with defendants "agreeing to mislead [Plaintiff] . . . at and following execution of the Termination Notice falsely leading [Plaintiff] to believe that each of the[] defendants had no intention to utilize" the pirated product or software. *Id*. ¶¶ 30, 39. Other than describing Mr. Bohen as a "part-time trader" and "agent in fact for all defendants," *id*. ¶ 7, Plaintiff fails to explain what steps Mr. Bohen took, or when he took them, to join the alleged conspiracy.

Plaintiff's attempt to rely on a conspiracy theory to extend jurisdiction over Mr. Bohen fails on several grounds. ***First***, as a threshold matter, Plaintiff does not allege, as it must, the commission in Florida of a single overt act in furtherance of the conspiracy. *See Mazer*, 556 F.3d at 1281 (Florida's "long-arm statute can support personal jurisdiction over any alleged conspirator where any other co-conspirator *commits an act in Florida* in furtherance of the conspiracy") (emphasis added) (citations omitted); *accord Tavakoli v. Doronin*, No. 18-21592-CIV, 2019 U.S. Dist. LEXIS 43188, at *21 (S.D. Fla. Mar. 18, 2019) (Altonaga, J.) (describing the elements of civil conspiracy in Florida as: "(1) an agreement between two or more parties; (2) to do an unlawful

---

10-21951-CIV, 2014 U.S. Dist. LEXIS 138887, at *10 (S.D. Fla. Sep. 30, 2014) ("At first blush, this recent and material limitation on the exercise of general jurisdiction would severely undercut the constitutional basis for tag jurisdiction over foreign defendants.") (Torres, Mag. J.).

act; (3) doing an overt act to further the conspiracy; and (4) damage to the plaintiff as a result of the acts done under the conspiracy") (internal quotation and citation omitted)).

The Complaint should be dismissed for this reason alone and because it fails to allege conduct "clearly connect[ing] [Mr. Bohen] to a conspiracy made or carried out in Florida." *Mazer*, 556 F.3d at 1282.  "[F]or a court to exercise personal jurisdiction over a non-resident defendant based on the actions of co-conspirators[,] [a] plaintiff must allege an actionable conspiracy claim and the non-resident defendant's participation." *Taylor v. Moskow*, No. 16-20222-Civ, 2017 U.S. Dist. LEXIS 215766, at *12–13 (S.D. Fla. Jan. 25, 2017) (Scola, J.) (citing *Platypus Wear, Inc. v. Clarke Modet & Co., Inc.*, 515 F. Supp. 2d 1288, 1296 (S.D. Fla. 2007) (Moreno, J.) ("[The] evidence is not sufficient to demonstrate [defendant's] involvement in the conspiracy for purposes of establishing personal jurisdiction over him.")).  A complaint's "factual allegations 'must at least make out a colorable, factually supported claim.'" *Id.* at *13 (quoting *Hasenfus v. Secord*, 797 F. Supp. 958, 962 (S.D. Fla. 1989)).  Plaintiff's Complaint fails to do this.

***Second***, as Mr. Bohen establishes in his declaration, he did not participate—and indeed could not have participated—in the alleged conspiracy.  For one, Mr. Bohen had no relationship with any of the defendants until *after* April 2016.  Bohen Decl. ¶¶ 7–11.  Thus, he could not have entered into a conspiracy, as alleged in the Complaint, in connection with the execution of the "license agreement" in "the spring of 2013" or its "Termination Notice" in "late April of 2015." *Id*.  In other words, Mr. Bohen could not have entered into a conspiracy to misappropriate Plaintiff's product, which allegedly formed one to three years *before* Mr. Bohen had a relationship with any of the defendants.  Faced with similar facts, the court in *Mazer* dismissed a complaint for lack of personal jurisdiction because the alleged co-conspirator was not "involved in a Florida-

based agreement to steal—*i.e.*, involved in a meeting of the minds with at least one other coconspirator—*before* the time of the theft." 556 F.3d at 1282 (emphasis in original).

Nor could Mr. Bohen have participated, after April 2016, in a conspiracy to "utilize" Plaintiff's stolen product or software. Such a conspiracy would require an allegation that Mr. Bohen not only agreed to "utilize" the already-stolen product or software in Florida, but also that he knew at the time he agreed to "utilize" them that they were stolen. Beyond the Complaint failing to allege either fact, Mr. Bohen's Declaration disputes both. Mr. Bohen confirms that: (*i*) he never agreed with the defendants "within or outside of Florida, to 'misappropriate' or 'utilize' Plaintiff's product or software," Bohen Decl. ¶ 15; (*ii*) he is "not aware of and ha[s] never knowingly used in any capacity . . . any product or software owned or developed by the Plaintiff," *id.*; and (*iii*) if he "unknowingly used a 'misappropriated' product or software belonging to the Plaintiff . . . [he] was unaware at the time of the product or software's provenance, that it belonged to the Plaintiff, or that it may have been misappropriated from the Plaintiff." *Id.* ¶ 16. Accordingly, as in *Mazer*, Mr. Bohen's lack of "knowledge of the illicit character of" Plaintiff's product or software negates his participation in a conspiracy. 556 F.3d at 1283 (finding that plaintiff "failed to establish directly that [defendant] entered into a conspiracy knowingly to purchase stolen blueprints that was either formed or in any way carried out in Florida").

In sum, Plaintiff's Complaint "does not allege viable facts from which the inference could reasonably be drawn that [Mr. Bohen] was part of a conspiracy either engineered in Florida or pursuant to which a tortious act in furtherance was committed in Florida." *Id.* Thus, dismissal is warranted because Mr. Bohen "is not subject to conspiracy-imputed personal jurisdiction under Florida's long-arm statute." *Id.*

### B. The Complaint Fails to State Viable Claims for Relief Against Mr. Bohen

Even if this Court were to have personal jurisdiction over Mr. Bohen, dismissal is warranted under Rule 12(b)(6) for the reasons set forth in defendants Zachary Westphal's and STT's Motion to Dismiss filed contemporaneously with this Motion. Specifically, as established in Mr. Westphal's and STT's Motion to Dismiss, which is hereby adopted by reference, Counts I–X fail to plausibly state a claim for relief and Counts I and II are time barred.

The Complaint should be dismissed on the additional ground that it is an impermissible shot-gun pleading because it is replete with conclusory, vague, and immaterial facts not obviously connected to any of its nine Counts, which are averred against *all* eight defendants, with no specification of which defendant is responsible for which act or omission. *See Magluta*, 256 F.3d at 1284 (dismissing complaint "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged"); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding a shotgun pleading where "a reader of the complaint must speculate as to which factual allegations pertain to which count"); *Cramer v. Florida*, 117 F.3d 1258, 1261-63 (11th Cir. 1997) (noting "that the district court, acting on its own initiative, should have stricken" the complaint at issue as "a rambling 'shotgun' pleading that is so disorganized and ambiguous that it is almost impossible to discern precisely what it is that these appellants are claiming"); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 164 (11th Cir. 1997) (describing a complaint that "offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims leveled against 15 defendants" as a "prototypical 'shotgun complaint'").

Further, Count II partly incorporates the allegations of Count I, and Counts IV–VI, VIII, and X incorporate all of the allegations of Counts I and II. This is impermissible under Circuit precedent. *See Ambrosia Coal & Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1330 n. 22 (11th

Cir. 2004) (finding a shotgun pleading where "[m]any [counts] adopt the material allegations of the preceding counts or paragraphs such that some counts appear to state more than one cause of action"); *Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) ("allegations of fact that may be material to a determination of count one, but not count four, are nonetheless made a part of count four . . . it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief").

Finally, the Complaint is a shot-gun pleading because it "begins each count by incorporating the [thirty seven] paragraphs of general factual allegations into each subsequent claim for relief, making no effort to marshal those allegations for the particular claim being asserted." *Moreno v. Carnival Corp.*, No. 19-cv-22900, 2020 U.S. Dist. LEXIS 4663, at *5 (S.D. Fla. Jan. 10, 2020) (King, J.) (quotation omitted); *see also YMD Records, LLC v. Ultra Enters., Inc.*, 361 F. Supp. 3d 1258, 1264 (S.D. Fla. 2019) (dismissing complaint because "[e]very factual allegation is incorporated by reference into every count") (Ungaro, J.) (citing *Ferrell v. Durbin*, 311 F. App'x 253, 259 (11th Cir. 2009)).

## V.    CONCLUSION

For the foregoing reasons, Mr. Bohen respectfully requests that this Court enter an order dismissing the Complaint for lack of personal jurisdiction, or in the alternative under Rule 12(b)(6).

Dated: October 5, 2020.                                  Respectfully submitted,

                                              SQUIRE PATTON BOGGS (US) LLP
                                              200 South Biscayne Boulevard, Suite 4700
                                              Miami, FL 33131
                                              T.:   305 577 7000

                                              By: */s/ Raúl B. Mañón*
                                                    Raúl B. Mañón (FBN 18847)
                                                    (raul.manon@squirepb.com)

OF COUNSEL:

Gabriel Colwell
(admitted *pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, CA 90071

Joseph A. Meckes
(admitted *pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, CA 94111

                                              *Counsel for Defendant Timothy Bohen*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 5th day of October, 2020, I electronically filed this Motion with the Clerk of Court using the CM/ECF system.

                                              */s/ Raúl B. Mañón*