## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

SCANZ TECHNOLOGIES, INC., fka
EQUITYFEED CORPORATION, A
Canadian (Quebec) Corporation,

       Plaintiff,

vs.

JEWMON ENTERPRISES, LLC, a Florida
limited liability corporation; TIMOTHY
SYKES, an individual; ZACHARY
WESTPHAL, an individual; TIMOTHY
BOHEN, an individual; MILLIONAIRE
PUBLISHING, LLC, a Florida limited
liability corporation; MILLIONAIRE
PUBLISHING, LLC, a Colorado limited
liability corporation; MILLIONAIRE
MEDIA, LLC, a Florida limited liability
corporation and STOCKSTOTRADE.COM
INC., a Delaware corporation,

       Defendants.

Case No. 20-cv-22957-RNS

**JOINT REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF MOTIONS
TO DISMISS; DECLARATION OF
GABRIEL COLWELL
AUTHENTICATING EXHIBITS TO
REQUEST FOR JUDICIAL NOTICE**

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Federal Rule of Evidence 201, and in connection with their Rule 12(b)(6)

motion, defendants StocksToTrade, Zachary Westphal, JewMon Enterprises, LLC, Millionaire

Publishing, LLC, Millionaire Media, LLC, Timothy Sykes, and Timothy Bohen (collectively,

"Defendants") respectfully request that the Court take judicial notice of the following ten Tweets

published by Plaintiff Scanz Technologies, Inc. on its Twitter account "@GetScanz" between

February 2016 and June 2017:

1.    The    February    16,    2016    Tweet    found    online    at

(https://twitter.com/GetScanz/status/699628213073530882),  which  states:  "@StocksToTrade

@timothysykes Congratulations on your attempted carbon-copy ripoff of #EquityFeed with your

rinky dink #STT. We're flattered," a true and correct copy of which is attached hereto as **Exhibit 1**;

2.     The     August     15,     2016     Tweet     found     online     at (https://twitter.com/GetScanz/status/765186690025660416), which states: "STT is just a really bad attempted ripoff of @EquityFeed. They used our platform for 2 years as a 'white label'…," a true and correct copy of which is attached hereto as **Exhibit 2**;

3.     The     August     15,     2016     Tweet     found     online     at (https://twitter.com/GetScanz/status/765187439715553281), which states: "they decided to be unethical and ripoff the people who helped them. Fortunately their amateur technology is crap," a true and correct copy of which is attached hereto as **Exhibit 3**;

4.     The     December     2,     2016     Tweet     found     online     at (https://twitter.com/GetScanz/status/804727938335711232),     which     states:     "Come     on @StocksToTrade stop BS'ing that STT is the brainchild from ur experience as traders. U stole it all from @EquityFeed. Thieves #scum," a true and correct copy of which is attached hereto as **Exhibit 4**;

5.     The     January     13,     2017     Tweet     found     online     at (https://twitter.com/GetScanz/status/819843429937061888), which states: "@WilliamKaraman @StocksToTrade Already in the works" in response to @WilliamKaraman's Tweet, which states, "@EquityFeed When do you plan to sue @StocksToTrade for copying your software?" a true and correct copy of which is attached hereto as **Exhibit 5**;

6.     The     January     30,     2017     Tweet     found     online     at (https://twitter.com/GetScanz/status/826105405474484225),     which     states:     "@Guruleaks1 @Guruleaks2 First look at SCANZ.…just in case @timothysykes @StocksToTrade aka 'the

sheisters" copy it and say it's theirs," a true and correct copy of which is attached hereto as **Exhibit 6**;

7.   The   January   30,   2017   Tweet   found   online   at (https://twitter.com/GetScanz/status/826102124727635970),   which   states:   "@InvestorsLive @kroyrunner89 @lx21 First look at SCANZ..in case @timothysykes @StocksToTrade aka 'the sheisters" copy it and say it's theirs," a true and correct copy of which is attached hereto as **Exhibit 7**;

8.   The   January   30,   2017   Tweet   found   online   at (https://twitter.com/GetScanz/status/826102937680228352),   which   states:   "@modern_rock @ProfitLocker First look at SCANZ..in case @timothysykes @StocksToTrade aka 'the sheisters" copy it and say it's theirs," a true and correct copy of which is attached hereto as **Exhibit 8**;

9.   The   January   30,   2017   Tweet   found   online   at (https://twitter.com/GetScanz/status/826104265903071232), which states: "@WilliamKaraman @FREESTOCKPICK First look at SCANZ…in case @timothysykes @StocksToTrade aka 'the sheisters" copy it and say it's theirs," a true and correct copy of which is attached hereto as **Exhibit 9**; and

10.   The   June   6,   2017   Tweet   found   online   at (https://twitter.com/GetScanz/status/872083318149349376), which states: "EquityFeed is the original   and   was   also   originally   designed   for   low   priced   stocks   when   it   was   called MicrocapTrade. Fun history fact :)," a true and correct copy of which is attached hereto as **Exhibit 10**.

## ARGUMENT AND CITATION OF AUTHORITIES

The court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). The ten Tweets described above that were published by Plaintiff on its official Twitter account, "@GetScanz," are properly subject to judicial notice because they are "generally known within the trial court's territorial jurisdiction" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1), (2). Courts faced with similar types of evidence have taken judicial notice of websites when they are publicly available and otherwise meet the requirements of Federal Rule of Evidence 201. *See, e.g., Multi Time Mach., Inc. v. Amazon.com, Inc.*, 792 F.3d 1070, 1072 n.1 (9th Cir. 2015) (taking judicial notice of Amazon's website and facts contained therein); *Reese v. Malone*, 747 F.3d 557, 570 n.8 (9th Cir. 2014) (taking judicial notice of information posted on website to establish information about a party's educational background); *Fernandez v. Zoni Language Ctrs., Inc.*, No. 15-cv-6066, 2016 U.S. Dist. LEXIS 65310, at *8 (S.D.N.Y. May 18, 2016) ("Courts may also take judicial notice of information contained on websites where the authenticity of the site has not been questioned") (internal quotations omitted).

Further, these ten Tweets are not being attached to assert the truth of the matter of the statements, which Defendants wholly dispute. Rather, Defendants request judicial notice to demonstrate the existence of Plaintiff's accusations, from which the Court can easily infer Plaintiff's awareness of the facts giving rise to this lawsuit and its potential claims against Defendants at the time of the Tweets. *See United States ex rel. Osheroff v. Humana, Inc.*, 776

F.3d 805, 812 n.4 (11th Cir. 2015) ("And courts may take judicial notice of documents such as the newspaper articles at issue here for the limited purpose of determining which statements the documents contain (but not for determining the truth of those statements)"); *2Die4Kourt v. Hillair Capital Mgmt., LLC*, No. 16-01304, 2016 U.S. Dist. LEXIS 118211, at *1 n.1 (C.D. Cal. Aug. 23, 2016), aff'd, 692 F. App'x 366 (9th Cir. 2017) (taking judicial notice of "thirty-four online news articles and social media posts . . . solely for their existence and content, and not for the truth of any statements in the documents"); *Staehr v. Hartford Finan. Serv.*, 547 F.3d 406, 425 (2d Cir. 2008) (taking judicial notice "to show that certain things were said in the press" and not "for the truth of the matter asserted); *HB v. Monroe Woodbury Cent. Sch. Dist.*, No. 11-CV-5881, 2012 U.S. Dist. LEXIS 141252, at *14 (S.D.N.Y. Sept. 27, 2012) (''I will take judicial notice of the Internet and news articles for the fact of their publication, but not for the truth of the statements contained therein'').

Because the existence and authenticity of these Tweets are not subject to dispute, and because these Tweets are directly relevant to Defendants' statute of limitations argument, the Court should take judicial notice of these ten Tweets. *See In re Twitter, Inc. Sec. Litig.*, No. 16-cv-05314-JST, 2020 U.S. Dist. LEXIS 86978, at *9 (N.D. Cal. Apr. 17, 2020) ("the Court agrees with those courts that have held that 'judicial notice is proper because the existence of the publicly-available articles and tweets cannot reasonably be questioned.'").

Dated:  October 5, 2020.                          Respectfully submitted,

                                                  SQUIRE PATTON BOGGS (US) LLP
                                                  200 South Biscayne Boulevard, Suite 4700
                                                  Miami, FL 33131
                                                  T.:   305 577 7000

                                                  By:  */s/ Raúl B. Mañón*
                                                       Raúl B. Mañón (FBN 18847)
                                                       (raul.manon@squirepb.com)

OF COUNSEL:

  Gabriel Colwell
  (admitted *pro hac vice*)
  SQUIRE PATTON BOGGS (US) LLP
  555 South Flower Street, 31st Floor
  Los Angeles, CA 90071

  Joseph A. Meckes
  (admitted *pro hac vice*)
  SQUIRE PATTON BOGGS (US) LLP
  275 Battery Street, Suite 2600
  San Francisco, CA 94111

                                                  *Counsel for Defendants StocksToTrade.com,*
                                                  *Inc., Zachary Westphal, and Timothy Bohen*

By: */s/ Justin B. Elegant*
Justin B. Elegant (FBN 0134597)
Arun G. Ravindran (FBN 66247)
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Phone: (305) 755-9500
jelegant@bergersingerman.com
aravindran@bergersingerman.com

OF COUNSEL:

ALSTON & BIRD LLP
Brett D. Jaffe (*pro hac vice*)
Steven R. Campbell (*pro hac vice*)
90 Park Avenue
New York, New York 10016-1387
Phone: 212-210-9400
brett.jaffe@alston.com
steven.campbell@alston.com

Cassandra K. Johnson (*pro hac vice*)
1201 W. Peachtree Street
Atlanta, Georgia 30309
Phone: 404-881-7000
cassie.johnson@alston.com

*Counsel for Defendants Jewmon Enterprises, LLC, Timothy Sykes, Millionaire Publishing, LLC, Millionaire Publishing, LLC and Millionaire Media, LLC*

- 7 -

**DECLARATION OF GABRIEL COLWELL AUTHENTICATING
EXHIBITS TO REQUEST FOR JUDICIAL NOTICE**

I, Gabriel Colwell, do hereby declare as follows:

1. I am over 18 years old. I am a partner in the law firm Squire Patton Boggs (US), LLP, counsel of record for Defendants StocksToTrade.com, Inc., Zachary Westphal, and Timothy Bohen in this action.  I have personal knowledge of the facts stated herein, and if called and sworn, I could and would testify competently thereto.

2. On September 26, 2020, I downloaded true and correct copies from Plaintiff Scanz Technologies, Inc.'s, fka, EquityFeed Corporation ("Scanz" or "Plaintiff"), official Twitter account of the ten Twitter posts attached as **Exhibits 1** through **10** to the Joint Request for Judicial Notice filed by all the Defendants in this action contemporaneously with this Declaration.

3. I further declare that on October 5, 2020 at 5:00 p.m., ET, I last accessed the hyperlinks set forth in paragraphs 1 through 10 of the Request for Judicial Notice.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this October 5, 2020 at Los Angeles, California.

/s/ Gabriel Colwell

GABRIEL COLWELL

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, CA 90071

Dated:  October 5, 2020.

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP
200 South Biscayne Boulevard, Suite 4700
Miami, FL 33131
T.:   305 577 7000

By:  */s/ Raúl B. Mañón*
    Raúl B. Mañón (FBN 18847)
    (raul.manon@squirepb.com)

OF COUNSEL:

Gabriel Colwell
(admitted *pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, CA 90071

Joseph A. Meckes
(admitted *pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, CA 94111

*Counsel for Defendants StocksToTrade.com,
Inc., Zachary Westphal, and Timothy Bohen*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October 2020, I electronically filed this Motion with

the Clerk of Court using the CM/ECF system.

*/s/ Raúl B. Mañón*