UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

| | |
|---|---|
| SCANZ TECHNOLOGIES, INC., fka EQUITYFEED CORPORATION, A Canadian (Quebec) Corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>JEWMON ENTERPRISES, LLC, a Florida limited liability corporation; TIMOTHY SYKES, an individual; ZACHARY WESTPHAL, an individual; TIMOTHY BOHEN, an individual; MILLIONAIRE PUBLISHING, LLC, a Florida limited liability corporation; MILLIONAIRE PUBLISHING, LLC, a Colorado limited liability corporation;  MILLIONAIRE MEDIA, LLC, a Florida limited liability corporation; and STOCKSTOTRADE.COM INC., a Delaware corporation,<br><br>        Defendants. | **Case No. 20-cv-22957-RNS** |

**PLAINITFF'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF OPPOSITIONS TO MOTIONS TO DISMISS COMPLAINT**

Declaration of Stephan Touizer and Exhibits 1 through 9 filed concurrently herewith

# TABLE OF CONTENTS

I.   DESCRIPTION OF EXHIBITS TO BE JUDICIALLY NOTICED .................................. 1

ARGUMENT AND CITATION OF AUTHORITIES ................................................................ 2

    II.   Legal Standard ............................................................................................................ 2

    III.   ..... The Court May Take Judicial Notice Of The Existence of the Bohen Videos in 2014 And Words That Undisputedly Appear On The Screen ..................................................... 3

    IV.   The Court May Take Judicial Notice of Records From The Wayback Machine ............. 5

    V.   The Court May Take Judicial Notice of Corporate Filings ............................................... 5

    VI.   The Relevance of the Proffered Exhibits ......................................................................... 6

        A.   The Four Youtube Videos .......................................................................................... 6

        B.   The Website Records Obtained Via The Wayback Machine ..................................... 7

        C.   Corporate Records ...................................................................................................... 8

CONCLUSION ................................................................................................................................ 9

Certificate of Service .................................................................................................................... 10

Plaintiff Scanz Technologies, Inc. ("Plaintiff" or "Scanz") hereby respectfully requests that the Court take judicial notice of Exhibits 1, and 5 through 9 in support of Plaintiff's Oppositions to Motions to Dismiss filed concurrently herewith.

### I.    DESCRIPTION OF EXHIBITS TO BE JUDICIALLY NOTICED

| Exhibit | Description |
|---|---|
| 1-A | Video posted on Youtube.com on August 06, 2014 under Youtube account name "Timothy Bohen." *See*, Declaration of Stephan Touizer filed herewith ("Touizer Decl.,") at ¶ 4. |
| | Hyperlink to Ex. 1-A |
| | https://www.youtube.com/watch?v=fwa4XDTP0HU |
| 1-B | Video posted on Youtube.com on May 13, 2014 under Youtube account name "Timothy Bohen." *See*, Touizer Decl., at ¶ 4. |
| | Hyperlink to Ex. 1-B |
| | https://www.youtube.com/watch?v=zz-Tvao1YpU |
| 1-C | Video posted on Youtube.com on May 29, 2014 under Youtube account name "Timothy Bohen." *See*, Touizer Decl., at ¶ 4. |
| | Hyperlink to Ex. 1-C |
| | https://www.youtube.com/watch?v=gjQbrmrzDFU |
| 1-D | Video posted on Youtube.com on March 17, 2014 under Youtube account name "Timothy Bohen." *See*, Touizer Decl., at ¶ 4. |
| | Hyperlink to Ex. 1-D |
| | https://www.youtube.com/watch?v=HNuh-dLXoQ8 |

| 5 | A true and correct copy of the landing page of the website of Defendant StocksToTrade.com, Inc. in 2014, which was obtained by Mr. Touizer from the Wayback Machine (www.waybackmachine.com) on October 17, 2020, at https://web.archive.org/web/20141217000744/http://stockstotrade.com. *See* Touizer Decl., at ¶ 8a. |
| --- | --- |
| 6 | Composite of (i) a true and correct copy of the Articles of Organization of JewMon Enterprises, LLC, dated June 28, 2012, obtained at http://search.sunbiz.org/ and (ii) a true and correct copy of the Articles of Amendment requesting a name change from JewMon Enterprises, LLC to Millionaire Publishing, LLC, dated October 23, 2017, obtained at http://search.sunbiz.org/. *See* Touizer Decl., at ¶ 9. |
| 7 | A true and correct copy of the Annual Report of Millionaire Publishing, LLC, dated March 16, 2020, obtained at http://search.sunbiz.org/. *See* Touizer Decl., at ¶ 10. |
| 8 | A true and correct copy of the Annual Report of Millionaire Media, LLC, dated August 17, 2020, obtained at http://search.sunbiz.org/. *See* Touizer Decl., at ¶ 11. |
| 9 | A true and correct copy of the Annual Report of Millionaire Media I, LLC, dated June 20, 2020, obtained at http://search.sunbiz.org/. *See* Touizer Decl., at ¶ 12. |

**ARGUMENT AND CITATION OF AUTHORITIES**

**II.     Legal Standard**

A court may take judicial notice of appropriate adjudicative facts at any stage in a proceeding. *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004). Federal Rule of Evidence 201(b) provides:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

A court may take judicial notice of "[a]djudicative facts are facts that are relevant to a determination of the claims presented in a case" such as "facts that are 'generally known within the territorial jurisdiction of the trial court.' Such judicially-noticed facts are of breathtaking variety." 369 F.3d at 1204 (citing Fed.R.Evid. 201(b), and collecting cases). A court can take judicial notice that certain facts exists, such as "notices and articles[,] … but not the truth of the matters asserted therein." *Absolute Activist Value Master Fund Ltd. v. Devine*, 233 F. Supp. 3d 1297, 1317 (M.D. Fla. 2017). A court "*must* take judicial notice if a party requests it and the court is supplied with the necessary information." *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014) (citing Fed.R.Evid. 201(c)).

### III. The Court May Take Judicial Notice Of The Existence of the Bohen Videos in 2014 And Words That Undisputedly Appear On The Screen

Plaintiff respectfully requests that the Court take judicial notice of the fact that the four videos accessible via the hyperlinks provided in Exhibit 1 attached to the Touizer Declaration were posted in 2014 under user name Timothy Bohen, as well as the fact that the word "EquityFeed" was displayed on the screen.[1] Mr. Touizer has also made eleven different snapshots of specific points in time within these videos for the Court's convenience, and they are attached to his declaration as Exhibit 2.

This Court's authority to take judicial notice of the limited information as requested, and which is not subject to reasonable dispute, is supported both by the authorities cited in the Defendants' own Joint Request for Judicial Notice, DE42[2] (thereby making *their* request as to the

---

[1] Should either the Court require, or any of the Defendants request, that Plaintiff serve and lodge with the Court true and correct copies of the video files on a disc or thumb drive, Plaintiff will seek an order pursuant to Section 2M of the Civil Filing Requirements of the Southern District of Florida, as revised on August 28, 2019, for leave to lodge the files with the Court. *See also*, Touizer Decl., at ¶ 4.

[2] "DE," as used herein, refers to docket entries in the above-captioned action.

3

truth of the matters allegedly asserted in the proffered tweets improper), as well as in Scanz' Objections thereto, which are filed concurrently herewith, and the authorities cited herein.

Specifically, it is well-settled that a court may take judicial notice of what was reflected "on a certain website on a certain date." *Barron v. Snyder's-Lance, Inc.*, No. 13-62496-CIV, 2015 WL 11182066, at *4 (S.D. Fla. Mar. 20, 2015) (Lenard, J.) (citing, *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010) (taking judicial notice of a screen shot from a video game insofar as it reflected "what was in the public domain at the time"); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'"); *Hargon v. Homeward Residential, Inc.*, No. 1:12-CV-3425-CC-AJB, 2013 WL 12200654, at *3 (N.D. Ga. July 26, 2013) (same) (citing *Alliance Premier Growth Fund v. Alliance Capital Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006)).

In *Tyson v. Sch. Bd. of Levy Cty., Fla.*, No. 1:17CV255-MW/GRJ, 2018 WL 10517171, at *1 n.1 (N.D. Fla. Oct. 24, 2018), for example, the court acknowledged the existence of a video posted on Youtube. Courts have taken "judicial notice of the fact that, as of this date, [the court] can access the videos on YouTube by following the links provided in Plaintiff's Request." *Shapiro v. Hasbro, Inc.*, No. CV1502964BROAJWX, 2016 WL 9176559, at *4 n.10 (C.D. Cal. Aug. 23, 2016); *cf., Creative Dream Prods., LLC v. Houston,* No. CV 14-7714 SS, 2015 WL 12731915, at *1 n.3 (C.D. Cal. Apr. 2, 2015) (taking "judicial notice of a download from YouTube of the video at issue in this litigation, which Defendants delivered on DVD to the Court and counsel," because it was "integral to Plaintiff's Complaint").

4

Furthermore, taking judicial notice of the name of the account under which the videos were publicized, the dates of the postings, and the fact that the word "EquityFeed" appears on the screen—information which is publicly available, not subject to reasonable dispute, and can be accessed by following the hyperlinks provided—would be fully consistent, e.g., with Judge Lenard's narrow approach in assessing what was reflected "on a certain website on a certain date." *Barron*, 2015 WL 11182066, at *4.

## IV. The Court May Take Judicial Notice of Records From The Wayback Machine

Courts frequently take judicial notice of information obtained via the Wayback Machine. *See, e.g., Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 716 (N.D. Fla. 2019) ("follow[ing] the lead of the overwhelming number of courts that have decided the issue and takes judicial notice of the contents of WayBack Machine evidence because they 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned'") (collecting cases); *Tobinick v. Novella*, No. 9:14-CV-80781, 2015 WL 1526196, at *2 (S.D. Fla. Apr. 2, 2015) (taking judicial notice of Internet Archive's history of publication); *Lee v. Michel Habashy, MD, P.A.*, No. 609CV671ORL28GJK, 2010 WL 11626756, at *2 n.1 (M.D. Fla. Aug. 30, 2010) (conducting "cursor[]' search of the Wayback Machine").

## V. The Court May Take Judicial Notice of Corporate Filings

Courts routinely take judicial notice of corporate records on file with the Secretary of State. *See, e.g., In re British Am. Ins. Co. Ltd.*, No. 09-31881-EPK, 2014 WL 891651, at *7 (Bankr. S.D. Fla. Mar. 6, 2014) (taking judicial notice of corporate records and noting that "such records indicat[ing] a connection between [the two defendants] is a statement of fact otherwise subject to objection under the Federal Rules of Evidence."); *Aliane v. Chase Auto Fin. Corp.*, No. 8:19-CV-660-T-60SPF, 2020 WL 3259750, at *3 n.5 (M.D. Fla. May 29, 2020), *report and recommendation adopted*, No. 8:19-CV-660-T-60SPF, 2020 WL 3259072 (M.D. Fla. June 16,

5

2020) (taking "judicial notice of record searches on the Florida Department of State's website, as it is the verified website of a public agency"); *Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC*, No. 6:11-cv-368-Orl-19GJK, 2012 WL 13103015, at *6 (M.D. Fla. Jan. 18, 2012) ("official documents from the Secretary of State possess the 'requisite level of reliability' required for a court to take judicial notice."); *Demeter v. Little Gasparilla Island Fire & Rescue, Inc.*, No. 2:16-cv-264-FtM-38CM, 2017 WL 662006, at *2 (M.D. Fla. Feb. 17, 2017) (taking judicial notice of the defendant's "Sunbiz" profile from the Florida Department of State's website because such website was a verified website of a public agency); *ACG S. Ins. Agency, LLC v. Safeco Ins. Co.*, No. 8:19-CV-528-T-36AAS, 2019 WL 8273657, at *4 (M.D. Fla. Dec. 16, 2019) ("District courts within this Circuit have taken judicial notice of online corporate records at the motion to dismiss stage") (collecting cases).

### VI. The Relevance of the Proffered Exhibits

#### A. The Four Youtube Videos

As more fully set forth in Plaintiff's Opposition to Motion to Dismiss by Defendant Timothy Bohen, at section IV, the four 2014 Youtube postings by Bohen, Exhibit 1, refute several statements Bohen made in his sworn Declaration to this Court in support of his Motion to Dismiss, DE39-1, DE39. Bohen maintains, under oath, that he "never knowingly used in any capacity … any product or software owned or developed by the Plaintiff," "was not involved with any of the defendants prior to April 2016 … [and] did not and could not have agreed to" participate in the alleged conspiracy, and, "[t]o the extent that [he] may have unknowingly used a 'misappropriated' product or software belonging to the Plaintiff …, [he] was unaware at the time of the product or software's provenance, that it belonged to the Plaintiff." DE39-1, at ¶¶ 14-15.

It is now undisputed, however, that, in addition to the evidence submitted herewith showing that Bohen purchased a license to use Plaintiff's products in 2013 and 2014, Exhibits 3 and 4 to

the Touizer Declaration filed herewith, the YouTube promotional videos Bohen posted show him publicly touting a StocksToTrade.com, Inc. product on several occasions in 2014, and that, in Exhibit 1-B at 03:34-03:38, a pop-up window appears on Bohen's screen, which reveals that the product he is using was, in fact, owned by Plaintiff, then known as EquityFeed. Bohen proceeds to closing the EquityFeed pop-up window at 03:37. As further explained in the Touizer Declaration filed herewith, "every user would first see" a disclaimer that the technology was being powered and delivered by EquityFeed—a disclaimer that would have been displayed "*each and every time* [Bohen] utilized StocksToTrade's products during 2014." Touizer Decl., at ¶ 8 (emphasis added). The EquityFeed pop-ups would also "randomly appear[] on the[] [user's] screen during use of the StocksToTrade website." *Id.*

The foregoing undisputed facts are directly at odds with Bohen's sworn statements that he "*could not have*" been involved in any conspiracy because he "was not involved with any of the defendants prior to April 2016" and "never knowingly used in any capacity … any product or software owned or developed by the Plaintiff." DE39-1, at ¶¶ 14-15. (emphasis added). Courts have considered evidence that tends to impact a witness' credibility or otherwise reveal a lack of candor with the court. *See, e.g., Llanos v. State*, 770 So. 2d 725, 725 (Fla. Dist. Ct. App. 2000) (taking judicial notice of a fact to impeach witness' credibility) (citing section 90.806(1), Florida Statutes (1999)).

### B. The Website Record Obtained Via The Wayback Machine

Exhibit 5 to the Touizer Declaration constitutes a website record of Defendant StocksToTrade.com, Inc.'s website from 2014, which Mr. Touizer obtained via the Wayback Machine. *See*, Touzier Decl., at ¶ 8(a). This website content reflects that users of the STT website, such as Timothy Bohen, would be well-aware of the fact that the website and technology were delivered and powered by EquityFeed, as the user was reminded of this fact every time he would

log into his accounts. This fact is not subject to reasonable dispute, and further conflicts with Bohen's sworn statements that he "never knowingly used in any capacity … any product or software owned or developed by the Plaintiff," "was not involved with any of the defendants prior to April 2016 … [and] did not and could not have agreed to" participate in the alleged conspiracy, and, "[t]o the extent that [he] may have unknowingly used a 'misappropriated' product or software belonging to the Plaintiff …, [he] was unaware at the time of the product or software's provenance, that it belonged to the Plaintiff." DE39-1, at ¶¶ 14-15.

### C. Corporate Records

Exhibits 6 through 9 are true and correct copies of corporate filings with the Florida Secretary of State by JewMon Enterprises, LLC, Millionaire Publishing, LLC, and Millionaire Media, LLC, and Millionaire Media I, LLC, as more fully described in section I, *supra*. The exhibits are offered to establish that these entities are Florida organizations, their principals are Defendants Timothy Sykes and Zachary Westphal, and their primary business addresses are located in Florida. *See also*, Opposition to Motion to Dismiss by Timothy Bohen, filed concurrently herewith, at pp. 4-5.

///
///
///
///
///
///
///
///

## CONCLUSION

For the foregoing reasons, the Court is respectfully requested to consider the exhibits filed herewith.

Dated:  October 19, 2020

Respectfully Submitted,

SQUIRE LAW GROUP, P.A.
14329 Commerce Way
Miami Lakes, FL 33016
Phone: 888.788.8816
Fax: 786.577.0425
dlage@squirelawgroup.com

By:  */s/Gustavo D. Lage*
     Gustavo D. Lage
     Florida Bar No. 972551

*Attorneys for Plaintiff*
*SCANZ TECHNOLOGIES, INC.*

**Certificate of Service**

I hereby certify that on October 19, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: October 19, 2020

*s/Gustavo D. Lage*
Gustavo D. Lage