UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

| | |
|---|---|
| SCANZ TECHNOLOGIES, INC., fka EQUITYFEED CORPORATION, A Canadian (Quebec) Corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>JEWMON ENTERPRISES, LLC, a Florida limited liability corporation; TIMOTHY SYKES, an individual; ZACHARY WESTPHAL, an individual; TIMOTHY BOHEN, an individual; MILLIONAIRE PUBLISHING, LLC, a Florida limited liability corporation; MILLIONAIRE PUBLISHING, LLC, a Colorado limited liability corporation;  MILLIONAIRE MEDIA, LLC, a Florida limited liability corporation; and STOCKSTOTRADE.COM INC., a Delaware corporation,<br><br>       Defendants. | **Case No. 20-cv-22957-RNS** |

**PLAINITFF'S OBJECTIONS
TO DEFENDANTS' JOINT REQUEST FOR JUDICIAL NOTICE**

## TABLE OF CONTENTS

ARGUMENT AND CITATION OF AUTHORITIES ................................................................... 1

    I.    The Tweets Are Offered For The Truth Of The Matters Asserted ..................................... 1

    II.    The Tweets Fail The "Incorporation By Reference" Test .................................................. 4

    III.    The Defendants' Interpretation Of The Tweets Is Disputed ............................................. 4

    IV.    The Defendants Fail To Meet Their Burden Under Federal Rules Of Evidence ............... 5

CONCLUSION ............................................................................................................................... 6

Certificate of Service ..................................................................................................................... 7

Plaintiff Scanz Technologies, Inc. ("Plaintiff" or "Scanz") hereby respectfully objects to the Joint Request for Judicial Notice by Defendants StocksToTrade, Zachary Westphal, JewMon Enterprises, LLC, Millionaire Publishing, LLC, Millionaire Media, LLC, Timothy Sykes, and Timothy Bohen ("Defendants") in support of their Motions to Dismiss Complaint (hereinafter "RJN").

Plaintiff objects to all ten Exhibits to Defendants' RJN ("tweets") on the bases that (i) contrary to their assertions, the Defendants *are* offering them for the truth of the matters asserted; (ii) the tweets fail the "incorporation by reference" test; (iii) the tweets fail the "not subject to reasonable dispute" component of Rule 201(b) of the Federal Rules of Evidence and not subject to judicial notice; and (iv) the Defendants fail to meet their burden under Federal Rule of Evidence 201(c)(2).

## ARGUMENT AND CITATION OF AUTHORITIES

### I. The Tweets Are Offered For The Truth Of The Matters Asserted

The Defendants grapple with maintaining the illusion that the proffered tweets "are not being attached to assert the truth of the matter of the Statements…" DE42:4.[1] But the explanation that follows, i.e., that "the Court can easily infer Plaintiff's awareness of the facts giving rise to this lawsuit and its potential claims against Defendants at the time of the Tweets," *id.*, unblushingly flies in the face of the preceding assertion as well as the position they extensively rely on as the sole support for their limitations arguments.

As more fully set forth in Plaintiff's oppositions filed concurrently herewith, it would not only be inappropriate to attempt to resolve factual disputes at this stage of the proceeding, *see, e.g.*, *Beach Cmty. Bank v. CBG Real Estate LLC,* 674 F. App'x 932, 935 (11th Cir. 2017) (holding

---

[1] "DE," as used herein, refers to docket entries in the above-captioned action, followed by page number(s) where applicable.

that district court erred in attempting to resolve factual dispute about discovery of plaintiff's claim at motion-to-dismiss stage); *Holding, LLC v. Fog Cap Retail Inv'rs LLC*, 516 F. App'x 874, 875 (11th Cir. 2013) (reversing order of dismissal because "the district court impermissibly drew a factual inference from the [proffered exhibit]"), but the Defendants position also cannot be squared with an overwhelming body of authorities, including the Supreme Court's instructions in *Merck & Co. v. Reynolds*, 559 U.S. 633 (2010). In *Merck*, the Court rejected a sweeping "'inquiry notice' [standard] as the standard [under the discovery rule] generally," despite acknowledging that "the discovery rule" means a claim "accrue[s] when the litigant first knows *or with due diligence should know* facts that will form the basis for an action," thereby squarely addressing the standard at issue. *Id*., at 651-52, 648 (citing 2 C. Corman, Limitation of Actions § 11.1.1, at 134 (1991 and 1993 Supp.)). The Court concluded that, under that framework, "the point where the facts would lead a reasonably diligent plaintiff to investigate further … is not necessarily the point at which the plaintiff would already have discovered … 'facts constituting the violation." *Id*., at 651.

Defendants' reliance on a *dicta* footnote comment in *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805 (11th Cir. 2015), DE42:4-5, if read in conjunction with the full opinion, is actually detrimental to Defendants in the face of the foregoing irrefutable authorities. Not only was the request for judicial notice in *Osheroff* "unopposed," *id*., at 811, but, more importantly, the Court there applied the *Cooper*[2] factors that go to the very *heart* of a *qui tam* action, *id.*, at 813-15, and are not relevant here. *Compare also, e.g., McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (distinguishing between "facial" and "factual" attack on *qui tam* complaint, the latter of which requires an opportunity to conduct discovery).

---

[2] *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562 (11th Cir. 1994).

2

The unreported California preliminary injunction order Defendants next cite to, DE42:5, is also unpersuasive, because the court *expressly declined* to take judicial notice of the undisputed articles "for the truth of any statements in the documents." *2Die4Kourt v. Hillair Capital Mgmt., LLC*, No. SACV1601304JVSDFMX, 2016 WL 4487895, at *1 n.1 (C.D. Cal. Aug. 23, 2016). And in *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406 (2d Cir. 2008) (DE42:5), the court emphasized that it may "take judicial notice [only] of the *fact* that press coverage … contained certain information, *without* regard to the truth of their contents" in applying the Second Circuit's carefully enunciated "storm warnings" doctrine *and then* "*disagree[d]* with [the district court's] conclusion that the total mix of information before it was sufficient to rule, as a matter of law" that the action was time-barred. *Id.*, at 425, 426 (emphasis supplied and in original). Finally, in *HB v. Monroe Woodbury Cent. Sch. Dist.*, No. 11-CV-5881 CS, 2012 WL 4477552 (S.D.N.Y. Sept. 27, 2012) (DE42:5), the court only took "judicial notice of the internet and news articles *for the fact of their publication*, but *not for the truth* of the statements contained therein." *Id.*, at *5 (emphasis added). In sum, the Defendants fail to cite to any binding or persuasive authorities to support their conflicting position. *Compare, e.g., Fin. Info. Techs., Inc. v. iControl Sys., USA, LLC,* No. 8:17-CV-190-T-23MAP, 2018 WL 3391379, at *5 (M.D. Fla. June 12, 2018), *report and recommendation adopted as modified*, No. 8:17-CV-190-T-23SPF, 2018 WL 4771060 (M.D. Fla. Oct. 3, 2018) (plaintiff "was not in a position to confirm [its] suspicion until obtaining the necessary facts")*; Sokol Crystal Prod., Inc. v. DSC Commc'ns Corp.*, 15 F.3d 1427, 1430 (7th Cir. 1994) (affirming judgment for plaintiff, reasoning that plaintiff was not "require[d] to bring suit based only on [its] abstract concern"); *Intermedics, Inc. v. Ventritex, Inc.*, 775 F. Supp. 1258, 1266 (N.D. Cal. 1991) ("We cannot apply statute of limitations law in a way that pressures litigants to file suits based merely on suspicions and fears. ... Given all these considerations, it would be

fundamentally unfair to penalize plaintiff (by using the statute of limitations to bar this action) for not filing its state law claims before it had access to enough information to make them meaningfully colorable.").

### II. The Tweets Fail The "Incorporation By Reference" Test

As more fully set forth in Scanz' oppositions to Motions to Dismiss, the proffered tweets do not qualify as being properly judicially noticeable under the "incorporation by reference" doctrine the Defendants rely on without citing to the pertinent authorities. Under the doctrine, the movant must show that the proffered exhibit is "(1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). The first prong can only be met "where the *plaintiff* refers to certain documents in the complaint *and* those documents are central to the plaintiff's claim." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis added). But *by the Defendants own representation* that "these Tweets are [purportedly] directly relevant to Defendants' statute of limitations argument," DE42:5, the Court must reject them. *See, e.g., Miranda v. Ocwen Loan Servicing, LLC*, 148 F. Supp. 3d 1349, 1353 (S.D. Fla. 2015) (incorporation by reference doctrine *excludes* "[d]ocuments that are relevant to the defendant's affirmative defenses, rather than the plaintiff's claim"). The second prong under the doctrine also fails; *see* section II, *infra*, sections IV-V, *infra*, and Scanz' oppositions filed herewith.

### III. The Defendants' Interpretation Of The Tweets Is Disputed

Though the following exercise is moot under the foregoing clear directives, Scanz disputes that the allegations of the Complaint of when it sufficiently discovered its causes of action for trade secrets misappropriation are refuted by the tweets, i.e., in mid-2018 DE1, at ¶¶ 35, 39, and disputes that the tweets establish that it had knowledge of the facts sufficient to bring suit at the time

suggested under the Defendants' conclusory theory. *Compare, e.g., Boom v. Rosebandits, LLC*, No. 13-21506-CIV, 2013 WL 5928342, at *3 (S.D. Fla. Nov. 5, 2013) (rejecting evidence that "presents part, but not all, of the picture"); *cf.*, *Horsley v. Feldt*, 304 F.3d 1125, 1137 (11th Cir. 2002) (declining to consider ambiguous evidence).

Courts in this Circuit have repeatedly held that "material from internet websites constitutes inadmissible hearsay if offered to prove the truth of the material." *Moon v. Advanced Med. Optics, Inc.*, No. 4:08-CV-0021-HLM, 2010 WL 11500832, at *7 (N.D. Ga. Dec. 29, 2010) (citing *Marajh v. Broadspire Servs., Inc.*, No. 07-60975-CIV, 2008 WL 5063870, at *6 (S.D. Fla. Nov. 21, 2008); *Nightlight Sys., Inc. v. Nitelites Franchise Sys., Inc.*, NO. 1:04-CV-2112-CAP, 2007 WL 4563875, at *7 (N.D. Ga. May 11, 2007)). Courts in this Circuit have routinely declined to take judicial notice of disputed facts contained in articles. *See, e.g., Absolute Activist Value Master Fund Ltd. v. Devine*, 233 F. Supp. 3d 1297, 1317, 1318 (M.D. Fla. 2017) (finding that, despite undisputed authenticity of articles, "[t]he facts contained within the documents are clearly disputed by the parties…"). Considering such "facts," the court found, would violate "Federal Rule of Evidence 201(b) because the 'facts' fail the 'not subject to reasonable dispute' component of Rule 201(b)." *Id.*, at 1317. The Defendants argue that California courts have taken judicial notice of tweets, DE42:5, but the court in the cited case actually expressly *declined* to take judicial notice of tweets "for the purpose of determining whether the contents of those tweets 'were in fact true.'" *In re Twitter, Inc. Sec. Litig.*, No. 16-CV-05314-JST, 2020 WL 4187915, at *3 (N.D. Cal. Apr. 17, 2020). In sum, this Court could not take judicial notice of the Defendants' conjectures.

**IV.    The Defendants Fail To Meet Their Burden Under Federal Rules Of Evidence**

Finally, even if the tweets were judicially noticeable—which they are clearly not—the Defendants also fail to meet their burden under Federal Rule of Evidence 201 of supplying the Court with sufficient information. *See* Fed. R. Evid. 201(c)(2) (a party seeking judicial notice must

supply the Court with necessary information). *Cf.*, *Saadi v. Maroun*, No. 8:07-CV-1976-T-24 MA, 2009 WL 3736121, at *4 (M.D. Fla. Nov. 4, 2009) ("to prove that the [internet] postings came from a specific person or organization," the party offering them must "call[] a website owner or webmaster" "to authenticate [them]"); *St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, No. 8:06CV223TMSS, 2006 WL 1320242, at *2 (M.D. Fla. May 12, 2006) (same). The lingering questions the Defendants do not even attempt to resolve for this Court, such as *Who actually posted the tweets? What information were the tweets based on?* further highlight the underlying problems with their limitations defense. Without the necessary information, this Court could not even begin to tackle the question of when Scanz discovered sufficient facts to bring suit—a question which must, at this stage of the proceeding, be resolved in the Plaintiff's favor based on the allegations of the Complaint.

## CONCLUSION

For the foregoing reasons, the Court should decline to take judicial notice of the tweets appended as Exhibits 1 through 10 to the Defendants' Request for Judicial Notice.

Dated:  October 19, 2020			Respectfully Submitted,

			SQUIRE LAW GROUP, P.A.
			14329 Commerce Way
			Miami Lakes, FL 33016
			Phone: 888.788.8816
			Fax: 786.577.0425
			dlage@squirelawgroup.com

		By:  */s/Gustavo D. Lage*
			Gustavo D. Lage
			Florida Bar No. 972551

			*Attorneys for Plaintiff*
			*SCANZ TECHNOLOGIES, INC.*

**Certificate of Service**

I hereby certify that on October 19, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: October 19, 2020

*s/Gustavo D. Lage*
Gustavo D. Lage