United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Scanz Technologies, Inc., Plaintiff, <br><br> v. <br><br> JewMon Enterprises, LLC and others, Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 20-22957-Civ-Scola <br> ) <br> ) <br> ) |

### Stipulated Protective Order

     This matter is before the Court upon the joint motion of the plaintiff Scanz Technologies, Inc. fka Equityfeed Corporation ("Plaintiff") and the defendants Jewmon Enterprises, LLC, Timothy Sykes, Zachary Westphal, Millionaire Publishing, LLC, Millionaire Media, LLC, and StocksToTrade.com Inc. (collectively "Defendants") for entry of a protective order (the "Protective Order") governing the exchange and receipt of confidential information produced during discovery in the above-captioned action (the "Action"). The Court **grants** the parties' joint motion. (**ECF No. 66**.) The Plaintiff and each of the Defendants shall be referred to herein individually as a "Party," and collectively, as the "Parties."

     WHEREAS, the Parties have sought or may seek certain information from one another during discovery in this Action that the Parties may designate as confidential because it may include trade secrets or other non-public and confidential technical, commercial, financial, and business information;

     WHEREAS, a Party's trade secret, confidential, competitive, or proprietary information could be abused if its use were not limited to this lawsuit and otherwise protected from disclosure as provided herein;

     WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

     WHEREAS, both the Florida and federal trade secret statutes expressly contemplate the entry of such orders in a trade secrets case, FUTSA, Fl. Stat. § 688.006; DTSA, 18 USC § 1835(a);

     WHEREAS, certain persons or entities other than the Parties may produce information in this Action that those persons or entities may designate as confidential if they execute **Exhibit A** hereto (the "Declaration") (all persons or entities other than the Parties who may produce information with respect to this Action are referred to individually as a "Non-Party" and collectively as "Non-Parties", and a Non-Party who signs the Declaration is referred to as a "Non-Party Signatory"); and

Therefore, it is hereby stipulated among the Parties and is hereby ordered that:

**1.     Designation Of Confidential Materials**

A.     This Protective Order applies to and governs any information, documents, and things produced or provided in this Action, either by a Party or Non-Party Signatory (each a "Disclosing Party"), to any other Party or Non-Party Signatory (each a "Receiving Party"), including without limitation, documents, electronically stored information ("ESI"), things, answers to interrogatories, responses to requests for admissions, deposition testimony and testimony adduced at trial or a hearing.

B.     Any Disclosing Party may designate as "Confidential" any information, document, or thing that a Disclosing Party believes in good faith constitutes, contains, embodies non-public confidential technical, commercial, financial, or business information, or other valuable information covered by a legitimate privacy right or interest.  Documents or other materials designated as "Confidential" shall be conspicuously marked by the designating party with the legend "CONFIDENTIAL."

C.     Any Disclosing Party may also designate as "Highly Confidential Computer Code" any information, document, or thing that a Disclosing Party believes in good faith constitutes, contains, embodies, or reflects especially sensitive technical information where the Disclosing Party can demonstrate a significant risk of loss of competitive advantage or harm if disclosed to another Party without restriction upon use or further disclosure, or that the Disclosing Party can demonstrate affords it an actual or potential economic advantage over others, which may include, but is not limited to, computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs central to a Party's business.  Documents and other materials designated as "Highly Confidential Computer Code" shall be conspicuously marked with the legend "HIGHLY CONFIDENTIAL—COMPUTER CODE."

D.     Any Disclosing Party may also designate as "Highly Confidential Attorneys Eyes Only" any information, document, or thing that a Disclosing Party believes in good faith constitutes, contains, embodies, or reflects especially sensitive information where the Disclosing Party can demonstrate a significant risk of loss of competitive advantage or harm if disclosed to another Party without restriction upon use or further disclosure, or that the Disclosing Party can demonstrate affords it an actual or potential economic advantage over others, which may include, but is not limited to, trade secrets, product sales, product volume, pricing, revenue, profit, costs, margins, customer lists,

currently implemented or not yet implemented marketing plans and analyses, and research and development information and plans for products not yet released to the marketplace. Documents and other materials designated as "Highly Confidential Attorneys Eyes Only" shall be conspicuously marked with the legend "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY."

   E. Copies or excerpts of information contained within, or summaries, notes or charts containing any information from, a document or thing designated as "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" shall also be treated respectively as "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only."

   F. A Disclosing Party may not designate or maintain a designation as "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" as to any information, document or thing that:

     (i) at the time of the disclosure is available to the public; or

     (ii) after disclosure becomes available to the public through no act, or failure to act, by the Receiving Party; or

     (iii) the Receiving Party can show: (a) was already known to the Receiving Party by reason of being known by the Receiving Party other than through unlawful means; or (b) was received by the Receiving Party, after the time of disclosure hereunder, from a Non-Party having the right to make such a disclosure.

   G. A Disclosing Party shall designate documents or things as "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" at the time of production or service by affixing a conspicuous legend to such document or thing. All documents, or any portions thereof, made available for inspection (but not yet formally produced to the Receiving Party) shall be presumptively deemed to contain such designated levels of confidentiality subject to the provisions of this Protective Order, regardless of whether so identified, until copies or duplicates thereof are formally produced to or made by the Receiving Party. Any information, document, or thing that bears all three designations must be treated as "Highly Confidential Attorneys Eyes Only."

   H. Deposition transcripts, or portions thereof, may be designated as "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" by any Party to this action, or by the deponent, either (a) on the record during the deposition, or (b) by written notice to all counsel of record within fourteen (14) days after the Party wishing to make the designation receives the deposition transcript. If no portions of the transcript are designated as "Confidential," "Highly Confidential Computer Code" or

"Highly Confidential Attorneys Eyes Only" during the deposition or within fourteen days of receiving the transcript, the transcript shall be considered not to contain any "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only." Counsel for each Party shall be responsible for marking any designated portions of copies of the transcript in their possession with a confidentiality legend if written notice is timely provided. With regard to testimony designated during a deposition as "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" under this Protective Order, the designating Party shall have the right to exclude from the deposition, or any portion thereof, before taking of the designated testimony, all persons except: the deponent and its outside counsel, outside counsel of record for the Parties, the court reporter, and such other persons who are bound by this Protective Order and are authorized to have access to such information.

2. **Restriction On Disclosure Of Designated Materials**

A. No information, documents or things so designated as "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" under Section 1(B) through (D) of this Protective Order shall be disclosed to any person or entity except as set forth in this Protective Order. Information, documents or things so designated as "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" shall be used by the Receiving Parties solely for the purposes of this Action, solely to the extent reasonably necessary and solely in full compliance with all provisions of this Protective Order. Nothing contained in this Protective Order shall affect the right of the Disclosing Party to disclose or use for any purpose the information, documents, or things it produces in discovery or designates under the Protective Order.

B. Subject to Section 2(D) of this Protective Order and any further Order of the Court, information, documents, and things so designated as "Confidential" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(i) the Receiving Party's Counsel in this Action, as well as employees and any legal, investigative, technical, administrative, and other support staff of said Counsel to whom it is reasonably necessary to disclose the information for this Action;

(ii) the Receiving Party itself, including the officers, directors, and employees of the Receiving Party but only when disclosure to such persons is reasonably necessary for this Action and only where each of such persons have signed the Declaration (Exhibit A);

    (iii) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Declaration (Exhibit A);

    (iv) the Court, its personnel, and jurors;

    (v) court reporters and their staff, videographers, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Declaration (Exhibit A);

    (vi) any witnesses testifying at a deposition, hearing or trial in this action who have signed the Declaration (Exhibit A);

    (vii) the author of a document containing the information or a custodian or other person who otherwise possessed or knew the information using lawful means; and

    (viii) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

  C. Subject to Section 2(D) of this Protective Order, and any further Order of the Court, information, documents, and things so designated as "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only " shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of those persons or entities referred to above in Section 2(B)(i) and Sections 2(B)(iii)-(viii) of this Protective Order.

  D. The designation of any document or thing as "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" shall not preclude any Party from showing the document or thing to any person: (a) who appears as an author or as an addressee on the face of the document and who is not otherwise shown prior to such disclosure not to have received the document; (b) who admits to or has been identified by the Disclosing Party as having been provided with the document or thing or with the information therein in circumstances where having been provided with such information was in no way unlawful; (c) who participated in any meeting or communication to which the document or thing pertains; (d) who is a director, officer or employee of the Disclosing Party; or (e) who has been identified by the Disclosing Party as a Fed. R. Civ. P. 30(b)(6) witness for subject matter that pertains to said document or thing.

  E. In the event that any information designated as "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" is used in any court proceeding or deposition in connection with this Action, it shall not lose its status as "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" through such

use, provided that the Parties to this Action take steps reasonably calculated to protect its confidentiality during such use.

### 3. **Filing Designated Materials**

If it is necessary to file documents or things containing "Confidential Information," "Highly Confidential Computer Code" or "Confidential Attorney Eyes Only Information" with the Court, the Party seeking to file such documents or things shall take the steps necessary to seek Court approval to file under seal, as provided by Local Rule 5.4.

### 4. **Cancellation Of Designation**

The Receiving Party may challenge any designation by notifying the Disclosing Party in writing. Within ten (10) days of receiving a written notice challenging any designation, the Parties shall meet-and-confer in person or over telephone or video conference. If the dispute cannot be resolved during the meet-and-confer, the Disclosing Party must present the dispute to the Court within ten (10) days of the meet-and-confer. If the Disclosing Party fails to timely present the matter to the Court, the information designated as "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" shall automatically lose any confidentiality designation. Pending the Court's determination of any dispute contesting a designation, the Parties shall treat the materials as designated by the Disclosing Party.

### 5. **Notice**

All notices required by this Protective Order are to be served by email and on all counsel of record. The date by which a Party receiving a notice shall respond, or otherwise take action, shall be computed from the date the email was sent. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the Disclosing Party.

### 6. **Disposition Of Designated Materials At End Of The Case**

A. Termination of this Action shall not relieve any Party or Non-Party Signatory from the obligations of this Protective Order, unless the Court orders otherwise.

B. With respect to any documents or things that have been filed with the Court under seal, upon termination of this Action, the Parties recognize that the ultimate disposition of any such documents or things, including all copies or summaries of, or excerpts from, such documents which may have been made, shall be as directed by the Court. The Parties shall not oppose efforts to show good cause to maintain such materials and documents as sealed or to remove such materials and documents from the Court record.

C. Except as described below, within sixty days after the final adjudication of this Action including appeals, or resolution through settlement, unless otherwise agreed to in writing by an attorney of record for the Disclosing

Party, each Party and Non-Party Signatory shall either (a) assemble and return all information, documents and things so designated as "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only," including all copies, summaries, excerpts, charts or notes thereof, to the Disclosing Party from whom the "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" information was obtained; or (b) certify in writing that all such information and material has been destroyed or deleted.  Notwithstanding the foregoing, outside counsel for the Parties may retain copies of court filings, discovery responses, deposition and hearing transcripts, and documents provided pursuant to the Court's scheduling orders containing "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" information provided that all such documents will be held for their internal use only, subject to the continuing obligations imposed by this Protective Order.  Where a Party has disclosed "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" information to persons or entities identified in Section 2(B) of this Protective Order, that Party is responsible for returning, destroying or deleting such material and obtaining appropriate certifications as set forth above.

### 7. Amendments And Exceptions By Order Of The Court

This Protective Order may be modified by further order of the Court, and is without prejudice to the rights of any Party, or any Non-Party subject to discovery in this action to move for relief from any of its provisions, or different or additional protection for any particular information, documents or things.

### 8. Restriction On Use Of Designated Materials

Information designated "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" shall be held in confidence by each person or entity to whom it is disclosed, shall be used by the recipient only for purposes of preparation and trial of this Action, for resolution of disputes between the Parties, and for no other purposes, and shall not be disclosed to any person or entity who is not entitled to receive such information under this Protective Order.  All "Confidential," "Highly Confidential Computer Code" and "Highly Confidential Attorneys Eyes Only" information shall be carefully maintained so as to preclude access by persons or entities who are not entitled to receive such information.

### 9. Other Proceedings

By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any Party or Non-Party Signatory who becomes subject to a

motion, discovery request, or subpoena to disclose another Party or Non-Party Signatory's information designated pursuant to this Protective Order shall promptly notify that Disclosing Party of the motion, discovery request, or subpoena so that the Disclosing Party may have an opportunity to appear and be heard on whether that information should be disclosed.  If the Disclosing Party objects to the disclosure, the Receiving Party shall withhold production or disclosure of such protected information to the fullest extent permitted by law until any dispute relating to the production or disclosure of such protected information is resolved.  If a Receiving Party has timely notified a Disclosing Party of a motion, discovery request, or subpoena as provided in this paragraph, the Receiving Party's obligation to withhold production or disclosure does not include an obligation to affirmatively seek relief from a court or take other affirmative steps to protect the designated material. Notwithstanding any provision in this Protective Order, any Receiving Party subject to an order of any court to disclose a Disclosing Party's information designated pursuant to this Protective Order may comply with said court order.

**10.     Production Of Non-Party Protected Material**

A.     The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL COMPUTER CODE" and "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections, including negotiating a separate protective order with any third party, provided that all parties to this litigation are included in the negotiation of such agreement and ultimately agree to the terms of such agreement.

B.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's protected material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's protected material, then the Party shall:

(i)  notify the Requesting Party and the Non-Party in writing within seven (7) days of receiving the discovery request(s), that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii) provide the Non-Party with a copy of the Protective Order in this Action within seven (7) days of receiving the discovery request(s), the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii) make the information requested available for inspection by the Non-Party, if requested.

C. If the Non-Party fails to seek a protective order from this court within seven (7) days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's protected material responsive to the discovery.

**11. General Provisions**

A. The designation of information, documents, or things as "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" pursuant to this Protective Order shall not be construed as a concession that such information is relevant or material to any issues or is otherwise discoverable or admissible. Nor shall the inspection or receipt by a Party to this action of information, documents, or things so designated as "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" hereunder constitute a concession that the information, documents, or things are confidential.

B. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice with respect to this Action and, in the course thereof, from generally referring to or relying upon the attorney's examination or receipt of "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only." In rendering such advice or in otherwise communicating, the attorney shall not disclose the specific content of any information, document, or thing identified as "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" by a Disclosing Party where such disclosure would not otherwise be permitted under the terms of this Protective Order.

C. The disclosure by a Disclosing Party of information, documents, or things which it believes should have been designated as "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" (regardless of whether the information, documents, or things were so designated at the time of disclosure) shall not be deemed a waiver in whole or in part of the Disclosing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the Disclosing Party notifies the Receiving Party within seven (7) days after discovery of the failure to designate. If a Disclosing Party produces or provides discovery of any "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" information without designating it as such, the Disclosing Party may give written notice to the Receiving Party(ies) that the information or material is "Confidential," "Highly Confidential Computer Code" or "Highly Confidential

Attorneys Eyes Only" and should be treated in accordance with the provisions of this Protective Order.  The Receiving Party(ies) must treat such information or material as "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" as notified from the date such notice is received.  Disclosure of such information or material, before receiving such notice, to persons not authorized to receive "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is "Confidential," "Highly Confidential Computer Code" or "Highly Confidential Attorneys Eyes Only" and must be treated in accordance with this Protective Order.

   D. If a Disclosing Party has inadvertently disclosed to a Receiving Party documents or information that it believes is privileged, such disclosure does not constitute a waiver of privilege or work product protection for those materials or the subject matter of those materials in this proceeding or in any other Federal or State proceedings involving the parties to this proceeding or third parties provided that promptly upon discovery of such disclosure the Disclosing Party notifies the Receiving Party that the inadvertently disclosed documents or information are privileged, identifies the grounds on which the assertion of privilege is based, and requests that the documents or information be returned.  Upon receipt of such written notice, the Receiving Party will return or destroy the inadvertently produced documents or information and all copies thereof within ten (10) calendar days of receiving the written notice and request for return of such documents or information.  The Receiving Party that returns inadvertently produced documents or information may thereafter seek production of any such documents or information, but may not assert waiver of privilege based on the inadvertent production request.

   E. This Protective Order shall survive the final adjudication of this Action (including any appellate proceedings), with the Court retaining jurisdiction to enforce the provisions thereof, to the extent information or material so designated remains "Confidential," "Highly Confidential Computer Code"  or "Highly Confidential Attorneys Eyes Only" as defined in Section 1 of this Protective Order.

   F. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Disclosing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made

of all the terms of this Protective Order, and (d) request such person or persons to execute the Declaration (Exhibit A).

      G.    By stipulating to the entry of this Protective Order, no Disclosing Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Disclosing Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

      **Done and ordered** at Miami, Florida on March 19, 2021 .

_____
Robert N. Scola, Jr.
United States District Judge

STIPULATED AND AGREED:

Dated: March 19, 2021

SQUIRE LAW GROUP, P.A.

/s/ *Gustavo D. Lage*
Gustavo D. Lage
Florida Bar No. 972551
301 W. Atlantic Avenue, Suite 5
Delray Beach, FL 33444
Phone: 888.788.8816
Fax: 786.577.0425
dlage@squirelawgroup.com

*Attorneys for Plaintiff Scanz Technologies, Inc.*

BERGER SINGERMAN LLP

/s/ *Justin B. Elegant*
Justin B. Elegant
Florida Bar No. 0134597
Sabrina T. Zarco
Florida Bar No. 1025800
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Phone: (305) 755-9500
jelegant@bergersingerman.com
szarco@bergersingerman.com

ALSTON & BIRD LLP

Brett D. Jaffe (admitted *pro hac vice*)
Steven R. Campbell (admitted *pro hac vice*)
Reade W. Seligmann (admitted *pro hac vice*)
90 Park Avenue
New York, New York 10016-1387
Phone: 212-210-9400
brett.jaffe@alston.com
steven.campbell@alston.com
reade.seligmann@alston.com

David S. Frist (admitted *pro hac vice*)
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309-3424
Phone: 404-881-7000
david.frist@alston.com

*Attorneys for Defendants Jewmon Enterprises, LLC, Timothy Sykes, Millionaire Publishing, LLC, and Millionaire Media, LLC*

SQUIRE PATTON BOGGS (US) LLP

 /s/ *Raúl B. Mañón*
Raúl B. Mañón
Florida Bar No. 18847
200 South Biscayne Boulevard, Suite 4700
Miami, FL 33131
Phone: +1 305-577-7000
raul.manon@squirepb.com

Gabriel Colwell (admitted *pro hac vice*)
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Phone: +1 213-689-5126
gabriel.colwell@squirepb.com

Joseph A. Meckes (admitted *pro hac vice*)
275 Battery Street, Suite 2600
San Francisco, CA 94111
Phone: +1 415-954-0201
joseph.meckes@squirepb.com

*Attorneys for Defendants StocksToTrade.com, Inc. and Zachary Westphal*

**EXHIBIT A**

**United States District Court
For The Southern District Of Florida**

**Undertaking**

I, _____, declare as follows:

1. My business address is _____.
2. My present employer and the address of my present employer (if different from above) is _____.
3. My present occupation of job description is _____.
4. My job title is _____.
5. I have received a copy of the Protective Order in *Scanz Technogies, Inc. v. Jewmon Enterprises, LLC et al.*, Case No. 20-cv-22957-RNS.
6. I have carefully read and understand the provisions of the Protective Order.
7. I agree to be bound by the terms of the Protective Order.
8. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for the purposes of this action, any "Confidential," "Highly Confidential Computer Code," and/or "Highly Confidential Attorneys Eyes Only" information that is disclosed to me.
9. I will return to outside counsel for the party by whom I am employed or retained all "Confidential," "Highly Confidential Computer Code," and/or "Highly Confidential Attorneys Eyes Only" information that came into my possession, and documents or things which I have prepared relating thereto. Alternatively, I will provide to outside counsel for the party by whom I am employed or retained a written certification that all such information and documents or things have been destroyed.
10. I hereby submit myself to the jurisdiction of the U.S. District Court for the Southern
District of Florida for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed:_____