# EXHIBIT C

**Defendant JewMon and STT's First Set of Interrogatories, dated January 15, 2021**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

| | |
|---|---|
| SCANZ TECHNOLOGIES, INC., fka EQUITYFEED CORPORATION, A Canadian (Quebec) Corporation,<br><br>     Plaintiff,<br><br>     v.<br><br>JEWMON ENTERPRISES, LLC, *et al.*,<br><br>     Defendants. | Case No. 20-cv-22957 (RNS/EGT) |

**DEFENDANT JEWMON ENTERPRISES, LLC AND DEFENDANT
STOCKSTOTRADE.COM INC.'S FIRST SET OF INTERROGATORIES
TO PLAINTIFF SCANZ TECHNOLOGIES, INC.**

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26.1(e), Defendant Jewmon Enterprises, LLC and Defendant StocksToTrade.com Inc. serve this First Set of Interrogatories ("Interrogatories") on Plaintiff Scanz Technologies, Inc., fka EquityFeed Corporation ("Scanz" or "Plaintiff").  Plaintiff shall answer these Interrogatories in writing and under oath within thirty (30) days after service hereof.  These Interrogatories shall be read, interpreted, and responded to in accordance with the Definitions and Instructions set forth below.

**DEFINITIONS**

For the purposes of these Interrogatories, each undefined word shall have its usual and generally accepted meaning.  Each defined word, and all variations thereof, shall have the meanings set forth below:

1. "Complaint" means the complaint Plaintiff Scanz Technologies, Inc., fka EquityFeed Corporation, filed on July 17, 2020 in the United States District Court of the Southern District of Florida, Miami-Dade Division, Case No. 20-cv-22957 (RNS/EGT).

1

2. "Plaintiff," "Scanz," "EquityFeed," "You," and "Your" mean Scanz Technologies, Inc., fka EquityFeed Corporation, and each of its present and former owners, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and any other individual or entity acting or purporting to act on its behalf.

3. "Westphal" means Zachary Westphal.

4. "Sykes" means Timothy Sykes.

5. "Jewmon" means Jewmon Enterprises, LLC and, where applicable, each of its present and former parents, subsidiaries, affiliates, directors, officers, and employees.

6. "STT" means StocksToTrade.com Inc. and, where applicable, each of its present and former parents, subsidiaries, affiliates, directors, officers, and employees.

7. "Millionaire Media" means Millionaire Media, LLC and, where applicable, each of its present and former parents, subsidiaries, affiliates, directors, officers, and employees.

8. "Millionaire Publishing" means Millionaire Publishing, LLC and, where applicable, each of its present and former parents, subsidiaries, affiliates, directors, officers, and employees.

9. "Defendants" means, individually and collectively, Westphal, Sykes, Jewmon, STT, Millionaire Media and Millionaire Publishing.

10. "License Agreement" means the license agreement between Scanz and Jewmon referenced in Paragraph 26 of the Complaint.

11. "Document" is an all-inclusive term with the broadest possible meaning accorded to it under case law and the Federal Rules of Civil Procedure, and means the original (or a true and accurate copy if the original is not available) and each non-identical copy of any writing, record or information-containing thing (whether tangible, electronic, or any other form) in Your actual or

constructive possession, custody or control, including all documents You have provided Your counsel. "Document" shall include, but is not limited to, an electronic or computerized data compilation (including email and other computer-readable files), whether or not printed, stored, or displayed, and any preliminary versions, drafts or revisions thereof, ESI, Communication, correspondence, letter, memorandum, telephone log, invoice, receipt, note, electronic entry, electronic mail, Internet post, report, file, book, record, contract, manual, computer printout, diary, journal, calendar, chart, graph, diagram, drawing, spreadsheet, minutes, digest, presentation, ledger, financial statement or report, purchase order, photograph, video or audio recording, voicemail, transcript, index, directory, or any other written, printed, typed, punched, taped, filmed, or graphic matter however produced, stored or reproduced.

12. "Communication" means any oral, written, electronic utterance, notation, statement, or any other transmittal of information by any means whatsoever, by and to whomever made including, but not limited to, correspondence, discussions, conversations, dialogues, interviews, consultations, and other understandings between two or more Persons, whether face-to-face, or by telephone, fax, letter, electronic mail including, but not limited to, personal email accounts, instant-messenger service, text message, LinkedIn message, SMS message, MMS message, mobile- or cellular-communication service (*e.g.*, BlackBerry Messenger and iMessage), website, social-media service, electronic calendar invitation, or any other means.

13. "ESI" means "electronically stored information," as that term is used in Federal Rule of Civil Procedure 34.

14. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

15. The terms "refer," "referring," "relate," and "relating" mean relating to, reflecting, referring to, bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, mentioning, in connection with, connected to, embodying, respecting, regarding, responding to, comprising, stating, analyzing or pertaining to.

16. The term "concerning" means concerning, relating to, referring to, regarding, describing, mentioning, discussing, evidencing or constituting.

17. The term "identify" means (a) when used in reference to an individual, state his or her full name, address, employer and telephone number; (b) when used in reference to a corporation or other business entity, state its full name, any names under which it does business, and its place of incorporation or formation; (c) when used in reference to a Document, state the Bates number, if applicable, otherwise the number of pages and nature of the document (*e.g.* letter, text, email, etc.), its title, its date, the name or names of its authors and recipients, and its present location or custodian; (d) when used in reference to a Communication, if any part of the Communication was written, identify the Document or Documents which refer to, relate to, or evidence the Communication, and, to the extent that the Communication was non-written, identify the persons participating in or witnesses to the Communication, state the date and substance of the Communication; and (e) when used in reference to trade secrets, to disclose the trade secrets with particularity.

18. The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter concerning which information is requested.

19. "Previously Identified Tweets" means the following Twitter posts:

4

- The February 16, 2016 Tweet posted on the @GetScanz Twitter account, which states: "@StocksToTrade @timothysykes Congratulations on your attempted carbon-copy ripoff of #EquityFeed with your rinky dink #STT. We're flattered"

- The August 15, 2016 Tweet posted on the @GetScanz Twitter account, which states: "STT is just a really bad attempted ripoff of @EquityFeed. They used our platform for 2 years as a 'white label'…"

- The August 15, 2016 Tweet posted on the @GetScanz Twitter account, which states: "they decided to be unethical and ripoff the people who helped them. Fortunately their amateur technology is crap"

- The December 2, 2016 Tweet posted on the @GetScanz Twitter account, which states: "Come on @StocksToTrade stop BS'ing that STT is the brainchild from ur experience as traders. U stole it all from @EquityFeed. Thieves #scum"

- The January 13, 2017 Tweet posted on the @EquityFeed Twitter account, which states: "@WilliamKaraman @StocksToTrade Already in the works" in response to @WilliamKaraman's Tweet, which states, "@EquityFeed When do you plan to sue @StocksToTrade for copying your software?"

- The January 30, 2017 Tweet posted on the @GetScanz Twitter account, which states: "@Guruleaks1 @Guruleaks2 First look at SCANZ….just in case @timothysykes @StocksToTrade aka 'the sheisters" copy it and say it's theirs"

- The January 30, 2017 Tweet posted on the @GetScanz Twitter account, which states: "@InvestorsLive @kroyrunner89 @lx21 First look at SCANZ..in case @timothysykes @StocksToTrade aka 'the sheisters" copy it and say it's theirs"

- The January 30, 2017 Tweet posted on the @GetScanz Twitter account, which states: "@modern_rock @ProfitLocker First look at SCANZ..in case @timothysykes @StocksToTrade aka 'the sheisters" copy it and say it's theirs"

- The January 30, 2017 Tweet posted on the @GetScanz Twitter account, which states: "@WilliamKaraman @FREESTOCKPICK First look at SCANZ…in case @timothysykes @StocksToTrade aka 'the sheisters" copy it and say it's theirs"

- The June 6, 2017 Tweet posted on the @GetScanz Twitter account, which states: "EquityFeed is the original and was also originally designed for low priced stocks when it was called MicrocapTrade. Fun history fact :)"

## INSTRUCTIONS

1. In order to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside their scope, the following rules of construction apply: (a) the

5

singular shall include the plural and vice versa; (b) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories all responses that might otherwise be construed to be outside of their scope; (c) the terms "all," "any," and "each" shall be read to mean any, all, each and every; (d) the terms "includes" and "including" shall be construed to mean "without limitation;" (e) the present tense shall be construed to include the past tense and vice versa; and (f) references to employees, officers, directors, or agents shall include both current and former employees officers, directors, and agents.

2.      Answer each Interrogatory separately, fully, completely, in writing, and under oath. Your answer must include all information known to You or otherwise in the possession, custody, or control of You, regardless of the location.  In addition, You must furnish all information available to all Persons acting on Your behalf, including, but not limited to, any current or former agents, representatives, consultants, experts and attorneys. and not merely such information known to You personally.  If You cannot completely answer any Interrogatory after the exercise of reasonable diligence, You shall furnish as complete an answer as You can, and You shall explain in detail the reasons You cannot give a complete answer.

3.      If for any reason You cannot answer any Interrogatory or part thereof in full, answer to the extent possible and state the reasons for Your inability to provide a complete answer.  If You cannot provide the exact information requested, provide Your best approximation of the information requested.  If You cannot provide all of the information requested in any Interrogatory because such information is not yet fully developed or cannot be ascertained at this time, please answer such Interrogatory with all of the information currently available, and specifically indicate that additional responses will later be developed and provided.

4. Pursuant to Local Rule 26.1(e)(2)(A) and Magistrate Judge Torres' Order Setting Discovery Procedures, You are required to respond to each Interrogatory with a clear statement that all responsive information has in fact been provided or state with specificity all grounds for any objection to providing the information, including: (i) whether the objection pertains to all or part of the Interrogatory; and (ii) the manner in which You intend to limit the scope of Your answer. General or boilerplate objections are not acceptable.

5. Pursuant to Local Rule 26.1(e)(1), each Interrogatory objection and/or response must immediately follow the quoted Interrogatory, and no part of the Interrogatory shall be left unanswered merely because an objection is interposed to another part of the Interrogatory.

6. If any information called for by any Interrogatory is withheld because You claim that such information is protected from discovery by the attorney work product doctrine or any privilege or protection from disclosure, provide a description of the basis of the claimed privilege or protection and all information necessary for the Court and Defendants to assess the claim of privilege or protection.

7. If You believe that the meaning of any term within the Definitions, Instructions, or Interrogatories is unclear or ambiguous, assume a reasonable meaning, state what that assumed meaning is, and answer on the basis of that assumed meaning.

8. All Interrogatories herein shall be continuing in nature to the extent permitted by law. If, after making Your initial answers, You obtain or become aware of any additional information responsive to any Interrogatory, You are required to disclosure such information to Defendants promptly.

## INTERROGATORIES

**Interrogatory No. 1**:

Identify separately each trade secret that You believe Defendants have misappropriated, including but not limited to the "Scanz Trade Secrets" referenced in the Complaint.

**Interrogatory No. 2**:

With respect to each trade secret identified in response to Interrogatory No. 1, identify every Communication in which You informed the recipient that such information should be considered confidential.

**Interrogatory No. 3**:

Separately for each trade secret disclosed in response to Interrogatory No. 1, identify each Person who developed, tested or updated or assisted in the development, testing or updating the trade secret.

**Interrogatory No. 4**:

Separately for each trade secret disclosed in response to Interrogatory No. 1, identify when You first discovered that Defendants had misappropriated the trade secret.

**Interrogatory No. 5**:

Identify all Persons who have seen or otherwise had access to any trade secret that You identified in response to Interrogatory No. 1.

**Interrogatory No. 6**:

Identify all Persons who performed any work or services related to the License Agreement, including but not limited to the development of "the Software customization Services in order to create JewMon's WLP, STOCKSTOTRADE" referenced in Paragraph 4 of the License Agreement.

**Interrogatory No. 7**:

Identify all Persons who performed any work or services related to any website You have operated since April 10, 2013. For each Person, describe the work or services performed and when such work or services were performed.

**Interrogatory No. 8**:

Describe in detail all websites You have operated and all products and services you have offered since April 10, 2013 including, but not limited to, stating the name of the website, the URL and a description of the products or services offered or information provided on the website.

**Interrogatory No. 9**:

Identify all Persons to whom You have licensed or for whom You have created a white label product that uses or otherwise provides access to any of the trade secrets You allege Defendants misappropriated, including providing the name and URL of any website on which they were used.

**Interrogatory No. 10**:

Identify every Person who participated in or assisted with Your "investigation into the Sykes-related market analysis product offering" referenced in Paragraph 33 of the Complaint and describe each Person's role in the investigation.

**Interrogatory No. 11**:

Identify every Person who participated in or assisted with Your investigation of "the modules, functionality, software language and associated computer logic related to the new Sykes product offerings" referenced in Paragraph 34 of the Complaint and describe each Person's role in the investigation.

**Interrogatory No. 12**:

Identify every Person who participated in or assisted with Your "investigation" referenced in Paragraph 35 of the Complaint and describe each Person's role in the investigation.

**Interrogatory No. 13**:

In Paragraph 36 of the Complaint, You allege that You "ultimately discovered that the technological basis for Sykes' market analysis products contained components and elements that were substantially identical in comparison to the ones included in the Scanz Assets, the Scanz Trade Secrets and the associated Scanz' product offerings covered under the license agreement." Separately describe in detail each "component" and "element" in Sykes' market analysis product and in the Scanz Assets, the Scanz Trade Secrets and associated Scanz product offerings that You compared to reach the conclusion that those "components" and "elements" are "substantially identical".

**Interrogatory No. 14**:

Identify which Person(s) authored (in whole or in part) the Previously Identified Tweets.

**Interrogatory No. 15**:

Identify each former customer that You claim was lost because of Defendants' conduct alleged in the Complaint.

**Interrogatory No. 16**:

Describe in detail the computation You used to determine that "Scanz has been damaged from and after the second half of 2018 in the sum of at least $10 million" as alleged in Paragraphs 45 and 57 of the Complaint.

**VERIFICATION**

        **SCANZ TECHNOLOGIES, INC.**

By: _____

_____
Printed Name

_____
Title

STATE OF _____ )

COUNTY OF _____ )

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization, this _____ day of _____, 2021, by _____ _____, as _____, on behalf of SCANZ TECHNOLOGIES, INC., who is personally known to me or who has produced _____ as identification.

My commission expires:                _____
                                                      NOTARY PUBLIC

                                                      Print Name: _____

Dated: January 15, 2021 

Respectfully Submitted,

*/s/ Justin B. Elegant*
Justin B. Elegant
Florida Bar No. 0134597
Arun G. Ravindran
Florida Bar No. 66247
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Phone: (305) 755-9500
jelegant@bergersingerman.com
aravindran@bergersingerman.com

ALSTON & BIRD LLP
Brett D. Jaffe (admitted *pro hac vice*)
Steven R. Campbell (admitted *pro hac vice*)
90 Park Avenue
New York, New York 10016-1387
Phone: 212-210-9400
brett.jaffe@alston.com
steven.campbell@alston.com

***Counsel for Defendant Jewmon Enterprises, LLC***

*/s/ Raúl B. Mañón*
Raúl B. Mañón (FL Bar No. 18847)
SQUIRE PATTON BOGGS (US) LLP
200 South Biscayne Boulevard, Suite 4700
Miami, FL 33131
T +1 305 577 7000
raul.manon@squirepb.com

Gabriel Colwell (admitted *pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
T +1 213 689 5126
gabriel.colwell@squirepb.com

Joseph A. Meckes (admitted *pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, CA 94111

***Counsel for Defendant StocksToTrade.com Inc.***

## Certificate of Service

I CERTIFY that on January 15, 2021, a true and correct copy of the foregoing was served by electronic mail and overnight mail on counsel for the Plaintiff:

Gustavo D. Lage
SQUIRE LAW GROUP, P.A.
14329 Commerce Way
Miami Lakes, FL 33016
glage@squirelawgroup.com

By: */s/ Steven R. Campbell*
Steven R. Campbell (admitted *pro hac vice*)
ALSTON & BIRD LLP
90 Park Avenue
New York, New York 10016-1387
Phone: 212-210-9400
steven.campbell@alston.com