# EXHIBIT B

Defendants' Email to Scanz,

dated April 9, 2021



**Elad Botwin <ebotwin@squirelawgroup.com>**

## Scanz v. Jewmon Enterprises, et al. Re: Notice

**Jaffe, Brett** <Brett.Jaffe@alston.com>    Fri, Apr 9, 2021 at 4:30 PM
To: Elad Botwin <ebotwin@squirelawgroup.com>, "Seligmann, Reade" <Reade.Seligmann@alston.com>, "Campbell, Steven" <Steven.Campbell@alston.com>
Cc: "Gustavo D. Lage" <GLage@smgqlaw.com>, "Frist, David" <David.Frist@alston.com>, "Jones, Jenna" <Jenna.Jones@alston.com>, "Meckes, Joseph A." <joseph.meckes@squirepb.com>, "Colwell, Gabriel" <gabriel.colwell@squirepb.com>, "Manon, Raul B." <raul.manon@squirepb.com>, "Prueter, David P." <david.prueter@squirepb.com>, "Justin B. Elegant" <JElegant@bergersingerman.com>, "Sabrina T. Zarco" <szarco@bergersingerman.com>

Elad:

Defendants will not cancel the discovery conference with Magistrate Judge Torres scheduled for April 15.  As you note, the parties have engaged in multiple meet and confer sessions without resolution.  Accordingly, Defendants will raise to the Court the unresolved deficiencies in Plaintiff's production and discovery responses – including Plaintiff's continued failure to identify with specificity the trade secrets at issues in this case.  We have no idea what you mean by "a motion by Scanz objecting to this procedure," but we are proceeding as described above.

We do not understand your request to "seal" Plaintiff's Responses to Jewmon and STT's First Set of Interrogatories.  Plaintiff has removed all confidentiality designations from those Responses, except for four items which remain improperly designated by Plaintiff as "Highly Confidential Computer Code."  In any event, Judge Torres' procedures do not require the filing of underlying discovery pleadings; those items are provided directly to the Court.  However, should you determine it necessary to file Plaintiff's Interrogatory Responses we object to you doing so under seal for the same reason we objected to the confidentiality designation in the first place:  nothing you have designated is confidential, let alone "Highly Confidential Computer Code."  As such, sealing is inappropriate.

Regards,

Brett

**From:** Elad Botwin <ebotwin@squirelawgroup.com>
**Sent:** Friday, April 9, 2021 11:47 AM
**To:** Seligmann, Reade <Reade.Seligmann@alston.com>; Campbell, Steven <Steven.Campbell@alston.com>
**Cc:** Gustavo D. Lage <GLage@smgqlaw.com>; Frist, David <David.Frist@alston.com>; Jones, Jenna <Jenna.Jones@alston.com>; Meckes, Joseph A. <joseph.meckes@squirepb.com>; Colwell, Gabriel <gabriel.colwell@squirepb.com>; Manon, Raul B. <raul.manon@squirepb.com>; Prueter, David P. <david.prueter@squirepb.com>; Justin B. Elegant <JElegant@bergersingerman.com>; Sabrina T. Zarco <szarco@bergersingerman.com>; Jaffe, Brett <Brett.Jaffe@alston.com>
**Subject:** Scanz v. Jewmon Enterprises, et al. Re: Notice

**EXTERNAL SENDER – Proceed with caution**

[Quoted text hidden]

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.