UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SCANZ TECHNOLOGIES, INC.,

    Plaintiff,

vs.

JEWMON ENTERPRISES, LLC, et al.,

    Defendants.

**Case No. 20-cv-22957-SCOLA/TORRES**

**DECLARATION OF STEPHAN TOUIZER**

DECLARATION OF STEPHAN TOUIZER

I, Stephan Touizer, declare as follows:

1.     My name is Stephan Touizer. My date of birth is April 7, 1976 and my address is 170 Rue Rioux, Montreal, Quebec, Canada H3C-2A5. I declare under penalty of perjury that the following is true and correct.

2.     I am Founder and CEO of Scanz Technologies Inc. ("Scanz"), a financial software company that designs, develops, and operates a proprietary stock trading platform delivered over the internet to its global customer base of equities traders since 2003. Up until 2019, the company was called EquityFeed Corporation ("EquityFeed) and it changed its name to Scanz in 2019. EquityFeed's (and subsequently Scanz's) core competency has always been its highly-complex, *algorithmic scanning technology* which it began inventing in 2005 and continued refining for four (4) years before releasing to the public in 2009. Over the last 18 years as the CEO of Scanz, I have been involved in almost every aspect of operational management, product planning, infrastructure design and project management tasks at Scanz, including business development, vendor relationships, contracts, partnerships, customer relations, and more. I have personally led the vision behind all of the Scanz platform modules and have personally designed the application's uniquely distinguishable graphical user interface.

3.     During my time at Scanz, the company has created proprietary and highly-confidential source code, object code, application architectures and structures, design plans, and other sensitive materials paramount to its technological viability and competitive

1

advantages. Myself and my team have been actively engaged in guarding the confidential technology assets of Scanz since its inception.

4.     The 532 trade secrets identified in Interrogatory No. 1 are among the key foundational elements of Scanz's proprietary *algorithmic scanning technology* and are deeply intertwined between the application's front-end and back-end technology layers. These foundational elements have been meticulously structured into a novel, combinational format allowing them to interplay seamlessly to offer almost limitless, algorithmic query combinations and results in a real-time, fully dynamic format. Up until 2016, this highly-complex and unique combinational design delivering fully dynamic, real-time results had only ever been seen on the EquityFeed platform.

5.     The novel and distinctive combination of all elements, specifically the interplay of what appears on the screen (interface) with the back-end server side algorithms, as described in Interrogatory No. 1's response, has provided Scanz with substantial economic value in the many millions of dollars over the past 12 years. This is particularly emphasized with respect to responses numbered 79, 396, 420, and 530, because the description with respect to these referenced technological concepts, components and subcomponents developed by Scanz would, from my perspective, provide an adverse competitor, and/or party wishing to substantially clone or re-engineer our system, with a head start in understanding how to replicate what Scanz has developed. Based on my experience in having founded Scanz nearly 20 years ago, and having operated Scanz ever since, if any of these descriptions and items - especially their combinational and internally interactive structure - were released to the public, Scanz would suffer economic injury because the adverse competitor(s) and/or party(s) would have the valuable head start necessary to begin and complete the process of

developing a similar product. I am confident in this fact because for nearly 20 years (more specifically the last 16 years since we began inventing and developing our core *algorithmic scanning technology*) I have kept secret and never revealed any of these concepts, even in narrative form, with the sole exception being with respect to the operation of the License Agreement involving the Defendants. And during this same period of nearly 20 years, the marketplace has never replicated what Scanz has developed, until the Defendants unveiled their platform. I have attached hereto, as the Addendum, a more detailed explanation of why these four descriptions are important in the context of both the overall descriptions in the interrogatory no. 1 response and Scanz' technology. I have asked my attorneys to seal the Addendum.

6.      The descriptions in Plaintiff's response to Interrogatory No. 13 could be used by competitors, hackers, and/or other adverse parties to decipher core understandings of the compression algorithms which are so fundamental to Scanz's competitive advantages and to the Scanz business as a whole. Further, when these understandings are paired with a detailed listing of all the distinct combinations of levels and elements that identify the particularity of each set of Scanz' trade secrets, the possibilities of highly-skilled computer programmers successfully duplicating the Scanz technology platform becomes even more probable. This reality hit home like a freight train when I ultimately discovered (after significant investigation) that the Defendants had identically replicated Scanz's proprietary *algorithmic scanning technology* soup to nuts (which took Scanz almost a decade to perfect) in a short period of time approximating one year. It is my sincere belief that if any of our competitors were to view the response to Interrogatory No. 13 alongside the 532 trade secret descriptions in Interrogatory No.1 (particularly in view of what I have said in the Appendix hereto) then

Scanz would lose a portion of its competitive advantage and mystique about how the platform does what it does -- these responses provide something close to a classic roadmap for replicating Scanz' product. The responses provide the user with a bird's eye view of how to think about and approach the potential decompiling of Scanz's platform and ensuing development of a competing product with identical functionality as Scanz's.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  April 10, 2021

_____
STEPHAN TOUIZER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-22957-SCOLA/TORRES

SCANZ TECHNOLOGIES, INC.,

    Plaintiff,

vs.

JEWMON ENTERPRISES, LLC, et al.,

    Defendants.

## ADDENDUM

### to the Declaration of Stephan Touizer

