**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION**

SCANZ TECHNOLOGIES, INC., fka
EQUITYFEED CORPORATION, A Canadian
(Quebec) Corporation,

                Plaintiff,

              v.

JEWMON ENTERPRISES, LLC, *et al.*,

                Defendants.

Case No. 20-cv-22957 (RNS/EGT)

## DEFENDANTS' AMENDED NOTICE OF COMPLIANCE

Defendants JewMon Enterprises, LLC, Timothy Sykes, Millionaire Publishing, LLC, Millionaire Media, LLC, StocksToTrade.com, Inc., and Zachary Westphal (collectively, "Defendants") submit this Amended Notice of Compliance pursuant to Magistrate Judge Torres' Order Setting Discovery Procedures, identifying the substance of the discovery disputes to be heard on April 15 at 10:30 AM [DE 60].

### DISPUTE #1: PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 1

On January 15, 2021, Defendants served their (i) First Set of Interrogatories (the "Interrogatories"). Interrogatory No. 1 requires Plaintiff to identify with specificity each trade secret it believes Defendants have misappropriated. On March 29, 2021, Plaintiff served its amended and restated responses to the Interrogatories (the "Amended Responses"). Plaintiff's Amended Response to Interrogatory No. 1 lists 532 features which can be readily seen on Plaintiff's public website and identifies the underlying "architecture" (as broadly defined in the Preliminary Statement of the Amended Responses) of each feature as the trade secret. The Amended Response to Interrogatory No. 1 does not provide Defendants notice of what specific

1

trade secrets, if any, have allegedly been misappropriated. Plaintiff contends alternatively that (i) its response is sufficient, or (ii) Plaintiff cannot identify the trade secrets at issue until Plaintiff takes discovery of Defendants' competing website.

### DISPUTE #2: PLAINTIFF'S TOTAL FAILURE TO PRODUCE EMAIL

On January 15, 2021, Defendants served their First Set of Requests for Production of Documents (the "RFPs"). Plaintiff served its initial production and supplemental production in response to Defendants' RFPs on March 15 and March 29, respectively. ***Plaintiff has not produced a single email in this case***. Defendants notified Plaintiff, by letter dated March 23, 2021, that its production was deficient because it failed to include any emails, text messages, or other responsive electronic communications. On March 29, 2021, Plaintiff informed Defendants (for the first time) that all of Plaintiff's emails before 2017 are "missing." Plaintiff claims that when Stephan Touizer (Plaintiff's CEO) attempted to transfer his email from his desktop to a new laptop "the process became corrupted. . . and the entirety of all files was corrupted" and that "notwithstanding its best attempts, Plaintiff has been unable to restore its data." During the parties' March 31, 2021 telephonic meet and confer, Plaintiff refused to provide any further information regarding this subject including (i) the email addresses Plaintiff used prior to 2017, (ii) the technical specifics concerning how Plaintiff's email was stored, (iii) the identity of other users of Plaintiff's corporate email system, (iv) whether the emails may exist on a server or cloud-based storage system, (v) the steps Plaintiff took to recover the "missing" emails, or (vi) whether the allegedly corrupted email files still exist.

Plaintiff has also produced no email for the period 2017 to the present. Plaintiff asserts simply that no responsive documents exist. During the parties' March 31, 2021 telephonic meet and confer, Plaintiff refused to discuss its collection or search methodology – including whether

counsel simply permitted Mr. Touizer to self-select documents for production – on the grounds that such information was privileged.

### DISPUTE #3: FAILURE TO PRODUCE "TWEETS" OR OTHER SOCIAL MEDIA POSTS

Plaintiff has failed to produce any public social media statements, such as "tweets," (*i.e.,* Twitter postings) in response to Defendants' RFP No. 28. There is no question such documents exist: Defendants identified a number of Plaintiff's tweets in Defendants' motion to dismiss, and those same tweets are identified with specificity in Defendants' RFPs. During the parties' March 31, 2021 telephonic meet and confer, Plaintiff failed to provide any explanation for why it has not produced these materials.

### DISPUTE #4: PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 2

Interrogatory No. 2 requires that Plaintiff identify every communication with any Defendant concerning the trade secrets identified in the Amended Response to Interrogatory No. 1, in which Plaintiff informed the recipient that such trade secret information should be considered confidential. In response, Plaintiff states that Mr. Touizer "imparted significant trade secret information to Timothy Sykes" during "at least five…conversations" between January 2013 and April 2015. (Amended Responses at 86). Plaintiff has refused, however, to provide the date of any of these conversations, identify which of the 532 alleged trade secrets were discussed during each conversation, or disclose what specifically was said about each alleged trade secret.

Plaintiff also states that Touizer presented "detailed schematics to Mr. Sykes regarding the inner-workings of the EquityFeed server-side architectures and compression algorithms" during an in-person meeting in Miami and that "[t]he information disclosed through these schematics is identical to the information disclosed in each and every one of the schematics produced by Plaintiff in this matter responsive to Defendants' document requests." (Amended Responses at 86).

Plaintiff has refused to state when and where this meeting occurred, and Plaintiff also refuses to identify the Bates number of the "schematics produced by Plaintiff" that contain information that is "identical" to the schematics Touizer allegedly presented to Sykes.

### DISPUTE #5: PLAINTIFF'S PRIVILEGE LOG

Plaintiff served its privilege log on March 29, 2021, which fails to comply with Local Rule 26.1(e)(2)(B)(ii)(a) because it does not provide "the type of document (*e.g.*, letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word, MS Excel)." In addition, to the extent any of the documents listed in the privilege log contain attachments, the privilege log is deficient because it fails to separately log those attachments. Plaintiff's position is that its privilege log is complete.

### LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movants have conferred with all parties who may be impacted by the relief sought in this application in a good faith effort to resolve these issues, but have been unable to do so.

Dated: April 12, 2021　　　　　　　　　Respectfully submitted,

BERGER SINGERMAN LLP

/s/ *Justin B. Elegant*
Justin B. Elegant
Florida Bar No. 0134597
Sabrina T. Zarco
Florida Bar No. 1025800
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Phone: (305) 755-9500
jelegant@bergersingerman.com
szarco@bergersingerman.com

ALSTON & BIRD LLP

Brett D. Jaffe (admitted *pro hac vice*)
Steven R. Campbell (admitted *pro hac vice*)
Reade W. Seligmann (admitted *pro hac vice*)
90 Park Avenue
New York, New York 10016-1387
Phone: 212-210-9400
brett.jaffe@alston.com
steven.campbell@alston.com
reade.seligmann@alston.com

David S. Frist (admitted *pro hac vice*)
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309-3424
Phone: 404-881-7000
david.frist@alston.com

*Attorneys for Defendants Jewmon Enterprises, LLC, Timothy Sykes, Millionaire Publishing, LLC, and Millionaire Media, LLC*

SQUIRE PATTON BOGGS (US) LLP

/s/ *Raúl B. Mañón*
Raúl B. Mañón
Florida Bar No. 18847
200 South Biscayne Boulevard, Suite 4700
Miami, FL 33131
Phone: +1 305-577-7000
raul.manon@squirepb.com

Gabriel Colwell (admitted *pro hac vice*)
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Phone: +1 213-689-5126
gabriel.colwell@squirepb.com

Joseph A. Meckes (admitted *pro hac vice*)

5

275 Battery Street, Suite 2600
San Francisco, CA 94111
Phone: +1 415-954-0201
joseph.meckes@squirepb.com

*Attorneys for Defendants StocksToTrade.com, Inc. and Zachary Westphal*