UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SCANZ TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JEWMON ENTERPRISES, LLC, et al., <br><br> Defendants. | **Case No. 20-cv-22957-SCOLA/TORRES** |

**PLAINTIFF'S REQUESTS FOR AN EVIDENTIARY HEARING
ON DEFENDANTS' FRAUDULENT CONCEALMENT OF ITS CAUSES OF ACTION**

**(Filed Concurrently with Plaintiff's Motion for Partial Summary Judgment)**

Plaintiff Scanz Technologies, Inc. ("Scanz" or "Plaintiff"), by and through the undersigned counsel, hereby respectfully requests an evidentiary hearing on its claim of fraudulent concealment of its trade secrets causes of action by Defendants, should the Court decline to resolve Defendants' statute of limitations defense at summary judgment.

Scanz is not submitting that genuine issues exist as to the Defendants' statute of limitations defense, given the untrue "freeze" letter sent by defense counsel to Touizer in 2017 and given the attached declaration of Stephan Touizer, filed in support of Plaintiff's Motion for Partial Summary Judgment and again herewith, indisputably showing when Scanz felt confident that it had a basis for its causes of action. However, should the Court find there to be genuine issues on this issue, it is submitted that an evidentiary hearing might be in the best interest of all parties and can be the proper vehicle to resolve this affirmative defense. *See, generally, Oaxaca v. Roscoe*, 641 F.2d 386, 392 (5th Cir. 1981) (noting that the "applicability of the statute of limitations[] can be resolved … after an evidentiary hearing").

Specifically, Scanz intends to call Mr. Colwell of Squire Patton Boggs to the stand in connection with a letter dated April 7, 2017, in which Mr. Colwell boldly asserted that Scanz should abstain from pursuing any claims against the Defendants because his client "did not 'steal' from" Plaintiff. *See*, Ex. 27 to Plaintiff's Motion for Partial Summary Judgment, which is also attached hereto as Exhibit A for the Court's convenience (emphasis in original). This threatening letter now turns out to be factually incorrect, and the evidence strongly suggests that Mr. Colwell knew that his statement was inaccurate. Scanz argues that this constitutes classic fraudulent concealment tolling the statute of limitations which the same attorneys so adamantly relied on at the motion-to-dismiss stage. *See, e.g.*, *Wachovia Bank N.A. v. Tien*, 658 F. App'x 471, 476 (11th Cir. 2016) ("Fraudulent concealment tolls the statute of limitations when the defendant willfully concealed the cause of action using fraudulent means"); *Butler Univ. v. Bahssin*, 892 So. 2d 1087, 1092 n.3 (Fla. Dist. Ct. App. 2004) ("the fraudulent concealment doctrine operates to prevent defendants from benefitting from a statute of limitations when their own wrongdoing delays filing of a cause of action…."); *cf., Learning Curve Toys, Inc. v. PlayWood Toys, Inc.,* 342 F.3d 714, 730 (7th Cir. 2003) (holding that exemplary damages are appropriate where "a rational jury could determine that [counter-plaintiff] intentionally misappropriated [counter-defendant's] trade secret … and then attempted to conceal the misappropriation by creating false evidence of prior independent development.").

Having to call Mr. Colwell at trial may cause complications under the "unsworn witness" doctrine of the State Bar Rules of Professional Conduct. *See,* Fla. Bar R. Prof'l Conduct 4–3.7 ("[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on

behalf of the client.").[1] While the doctrine is generally not invoked where the attorney's client does not intend to call his attorney to the stand at trial, *see, e.g., Shaw v. Broad & Cassel*, No. 11-23689-CIV, 2012 WL 315050, at *5 (S.D. Fla. Feb. 1, 2012), Scanz does not seek disqualification of counsel, which the doctrine generally applies to.[2] Rather, Scanz respectfully submits that, should the Court decline to resolve any statute of limitations defense at summary judgment, it would be in the best interest of all parties if the Court were to determine at an evidentiary hearing whether or not Plaintiff is entitled to summary judgment on the issue.

### Rule 7.1(a)(3) Certificate

Counsel for Plaintiff reached out to counsel for Defendants regarding this request, who represented that they oppose the relief requested herein.

///

///

---

[1] *See also*, Rule 4–3.7, cmt ("The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.").

[2] And even if only Scanz intended to call Mr. Colwell at a trial, his testimony either could be "'sufficiently adverse' to his client," *Pharma Supply, Inc. v. Stein*, No. 14-80374-CIV, 2014 WL 4261011, at *5 (S.D. Fla. Aug. 28, 2014), or "his performance as an advocate can be impaired by his relationship to the events in question." *Kobarid Holdings, S.A. v. Reizen*, No. 03-23269-CIV, 2005 WL 8169268, at *9 (S.D. Fla. Apr. 1, 2005) (citations omitted). "For example, the attorney may be constrained from making certain arguments on behalf of his client because of his own involvement, or may be tempted to minimize his own conduct at the expense of his client." *Id*. "Moreover, his role as advocate may give his client an unfair advantage, because the attorney can subtly impart to the jury his first-hand knowledge of the events without having to swear an oath or be subject to cross examination." *Id. See also, Bedoya v. Aventura Limousine & Transp. Serv., Inc.*, 861 F. Supp. 2d 1346, 1372 (S.D. Fla. 2012) (noting that counsel's conduct may "have so damaged the adversarial process that any trial may well be tainted.").

## CONCLUSION

Wherefore, Plaintiff respectfully requests an evidentiary hearing on its claim of fraudulent concealment of its trade secrets causes of action by Defendants, should the Court decline to resolve Defendants' statute of limitations defense at summary judgment.

Dated: June 7, 2021

Respectfully Submitted,

SQUIRE LAW GROUP, P.A.
305 W. Atlantic Ave, Suite 5
Delray Beach, FL 33444
Phone: 888.788.8816
Fax: 786.577.0425
dlage@squirelawgroup.com

By:   */s/Gustavo D. Lage*
Gustavo D. Lage
Florida Bar No. 972551

*Attorneys for Plaintiff Scanz Technologies, Inc.*

## Certificate of Service

I hereby certify that on June 7, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: June 7, 2021

*s/Gustavo D. Lage*
Gustavo D. Lage